UNDER GOD,

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MIDDLE DISTRICT OF FLORIDA (OCALA)

ROBERT HENRY RIVERNIDER, JR., Petitioner,

v.

CASE # 5:24-cr-00138-TRP-PRL-1
Related case #3:10-cr-00222 District of CT

UNITED STATES, Respondent,

_____/

## PETITION CHALLENGING THE VIOLATION OF CONSTITUTIONAL RIGHTS

1. Table of Contents
2. Table of Authorities
3. Introduction
4. Jurisdictional Statement
5. Jurisdictional Challenge
6. Statement of Claim
7. Constitutional Challenge
8. Legal Arguments
9. Demand for Evidentiary Hearing
10. Affirmative Relief Requested
11. Compensatory and Punitive Damages
12. Summarization of the Petition
13. Demand for Expungement and Restitution
14. Certification

FILED - USDC - FLMD - OCA
FEB 4 2025 PM 12:57

3. Table of Authorities

**Case Citations:**
- Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803): "Established judicial review, holding that a law repugnant to the Constitution is void."
- Ex parte Young, 209 U.S. 123 (1908): "Allowed for federal court intervention to prevent unconstitutional state actions."
- Brown v. Board of Education, 347 U.S. 483 (1954): "Declared state laws establishing separate public schools for black and white students unconstitutional."

- Miranda v. Arizona, 384 U.S. 436 (1966): "Established that detained criminal suspects must be informed of their rights to an attorney and against self-incrimination."
- Gideon v. Wainwright, 372 U.S. 335 (1963): "Guaranteed the right to legal counsel for defendants unable to afford an attorney in criminal cases."
- Mapp v. Ohio, 367 U.S. 643 (1961): "Incorporated the exclusionary rule, preventing illegally obtained evidence from being used in court."
- Roe v. Wade, 410 U.S. 113 (1973): "Recognized a constitutional right to privacy extending to a woman's decision to have an abortion."
- Loving v. Virginia, 388 U.S. 1 (1967): "Struck down laws banning interracial marriage as violations of the Equal Protection and Due Process Clauses."
- Furman v. Georgia, 408 U.S. 238 (1972): "Held that arbitrary and discriminatory imposition of the death penalty violates the Eighth and Fourteenth Amendments."
- United States v. Lopez, 514 U.S. 549 (1995): "Limited Congress's authority under the Commerce Clause."
- Shelby County v. Holder, 570 U.S. 529 (2013): "Invalidated portions of the Voting Rights Act as exceeding Congressional authority."
- Plessy v. Ferguson, 163 U.S. 537 (1896): "Upheld 'separate but equal' doctrine, later overturned by Brown v. Board of Education."
- New York Times Co. v. Sullivan, 376 U.S. 254 (1964): "Protected freedom of the press by establishing standards for defamation claims by public figures."
- Terry v. Ohio, 392 U.S. 1 (1968): "Upheld stop-and-frisk procedures based on reasonable suspicion."
- Obergefell v. Hodges, 576 U.S. 644 (2015): "Guaranteed same-sex couples the right to marry under the Fourteenth Amendment."
- United States v. Nixon, 418 U.S. 683 (1974): "Reaffirmed the principle of judicial review and limited executive privilege."
- District of Columbia v. Heller, 554 U.S. 570 (2008): "Affirmed an individual's right to possess firearms under the Second Amendment."
- Griswold v. Connecticut, 381 U.S. 479 (1965): "Recognized a constitutional right to privacy in marital relations."
- Korematsu v. United States, 323 U.S. 214 (1944): "Upheld internment of Japanese Americans during World War II; later acknowledged as wrongly decided."
- Citizens United v. Federal Election Commission, 558 U.S. 310 (2010): "Allowed unlimited corporate political spending as free speech under the First Amendment."
- McDonald v. Chicago, 561 U.S. 742 (2010): "Incorporated the Second Amendment's right to bear arms to the states."
- Texas v. Johnson, 491 U.S. 397 (1989): "Held that flag burning constitutes protected speech under the First Amendment."
- Riley v. California, 573 U.S. 373 (2014): "Required warrants for searches of cell phones during arrests."
- Bush v. Gore, 531 U.S. 98 (2000): "Resolved the 2000 presidential election recount."
- Baker v. Carr, 369 U.S. 186 (1962): "Established the principle of 'one person, one vote' for legislative districting."

1

- Hamdi v. Rumsfeld, 542 U.S. 507 (2004): "Held that U.S. citizens detained as enemy combatants have the right to due process."
- Boumediene v. Bush, 553 U.S. 723 (2008): "Affirmed habeas corpus rights for Guantanamo detainees."
- South Dakota v. Dole, 483 U.S. 203 (1987): "Upheld conditional federal funding tied to state compliance with federal policy."
- Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984): "Established the Chevron deference standard for agency interpretations of statutes."
- United States v. Windsor, 570 U.S. 744 (2013): "Struck down the Defense of Marriage Act as unconstitutional."
- Zivotofsky v. Kerry, 576 U.S. 1 (2015): "Determined the President's exclusive recognition power over foreign sovereigns."
- National Federation of Independent Business v. Sebelius, 567 U.S. 519 (2012): "Upheld the Affordable Care Act's individual mandate as a tax."
- Roper v. Simmons, 543 U.S. 551 (2005): "Declared the death penalty unconstitutional for crimes committed by minors."
- Engel v. Vitale, 370 U.S. 421 (1962): "Prohibited state-sponsored prayer in public schools."
- Tinker v. Des Moines Independent Community School District, 393 U.S. 503 (1969): "Protected students' free speech rights in public schools."
- Statutes at Large References: First Amendment, Statutes at Large, Vol. 1, p. 21: "Guarantees freedom of speech, religion, press, assembly, and petition."
- Fifth Amendment, Statutes at Large, Vol. 1, p. 22: "Prohibits self-incrimination and guarantees due process." ... (additional references up to 10 will follow).
- Constitutional Provisions:
- Article III, Section 2 Fourteenth Amendment, Section 1 Fifth Amendment, Due Process Clause.

## 4.  INTRODUCTION

This petition is submitted in direct challenge to the constitutional violations arising from the imposition of both supervised release and imprisonment for the same offense [1]. The petitioner asserts that such sentencing practices infringe upon the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. supervised release, as defined under federal law, constitutes a distinct sentence, separate and independent from imprisonment. When these sentences are combined for a single offense, the court exceeds its jurisdiction and violates the petitioner's fundamental rights. The Fifth Amendment explicitly prohibits the government from

---

[1] NOTE: the "judge" in the case, as well as the prosecutors, et al., defaulted on a Writ of Scire Facias which demanded they prove they had proper oaths, commissions, and bonds. See case 3:10-cr-00222, ECF 843-863 District of CT.

subjecting any person to multiple punishments for the same offense. This principle is foundational to the constitutional framework of justice and ensures the protection of individual liberty against arbitrary state action. supervised release, by its statutory and judicial interpretation, is recognized as a punitive measure. Its imposition alongside imprisonment for the same crime constitutes an unlawful duplication of punishment.

The Comprehensive Crime Control Act of 1984, as codified in 18 U.S.C. § 3561, categorically treats supervised release as an independent sentence. Judicial precedent has consistently affirmed this statutory framework, emphasizing that courts must not impose supervised release in conjunction with imprisonment unless explicitly authorized under law for separate and distinct offenses. This petition asserts that the sentencing order in question contravenes both statutory and constitutional mandates. Moreover, the petitioner contends that the imposition of dual sentences without statutory or constitutional basis infringes upon the petitioner's due process rights.

The Constitution's Due Process Clause, enshrined in the Fifth and Fourteenth Amendments, requires that all punitive measures adhere to principles of fairness and legality. The petitioner's rights were undermined through the issuance of a sentencing order that conflicts with the clear intent of legislative and constitutional protections. This petition seeks immediate relief in the form of the dismissal of all charges and the vacating of the original sentencing order. The petitioner further demands comprehensive compensatory and punitive damages for the period subjected to these unconstitutional conditions. Such relief is essential to restore the petitioner's rights and hold the court and its officers accountable for their actions.

## 5. JURISDICTIONAL STATEMENT

This petition is brought before the United States District Court pursuant to its jurisdiction under Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1331, which provides federal courts authority to hear cases arising under the Constitution, laws, or treaties of the United States. The court possesses subject matter jurisdiction as this case involves a direct

violation of the Fifth and Fourteenth Amendments, specifically concerning the petitioner's protection against double jeopardy and due process infringements. The jurisdictional challenge presented herein underscores the unlawful exercise of sentencing powers by the sentencing court, violating the principles established in Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803), which confirmed that actions repugnant to the Constitution are void. The sentencing court's sentencing decision represents a clear instance of such unconstitutional exercise of authority. This court is called upon to exercise its supervisory powers to correct such fundamental errors. The petitioner further asserts that this case involves federal questions as outlined in 28 U.S.C. § 1343, which provides jurisdiction in matters of civil rights violations under color of state law. The imposition of dual punishments for a single offense, as in this case, constitutes a deprivation of constitutional protections guaranteed under the Fifth Amendment. Such deprivation, executed by a government agent or entity, invokes federal oversight.

Additionally, the petitioner raises the issue of irreparable harm caused by the sentencing order, which mandates this court's immediate intervention. The petitioner's liberty interests, as protected by the Due Process Clause, have been materially and adversely impacted by the unconstitutional actions of the sentencing court. Relief sought in this petition directly addresses the ongoing and unlawful imposition of punishments. This court also has ancillary jurisdiction to grant equitable remedies, including the dismissal of charges, vacating of sentencing orders, and award of compensatory damages as redress for constitutional violations. This jurisdictional basis is further supported by the All Writs Act, 28 U.S.C. § 1651, which empowers federal courts to issue orders necessary to protect their jurisdiction and ensure justice.

### 6. JURISDICTIONAL CHALLENGE

The petitioner hereby challenges the administrative jurisdiction under which the sentencing court rendered its sentencing decision. It is the petitioner's assertion that the court exceeded its statutory and constitutional authority by imposing dual punishments—supervised release and imprisonment—for the same offense. This action directly conflicts with the Fifth Amendment's

4

prohibition against double jeopardy, as well as fundamental principles of due process. Administrative jurisdiction must operate within the bounds of constitutional authority. The petitioner asserts that the sentencing court, acting under statutory jurisdiction rather than constitutional authority, lacked the legal mandate to issue a sentencing order that violates constitutional protections. This distinction between statutory and constitutional jurisdiction is critical, as highlighted in Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803), which held that laws repugnant to the Constitution are void. The petitioner demands that this matter be heard before a court operating under constitutional jurisdiction. Such jurisdiction ensures the right to trial by jury, a cornerstone of due process enshrined in the Seventh Amendment. The distinction between a jury trial in statutory venues and the right to trial by jury in constitutional venues is fundamental. The petitioner asserts that statutory jurisdictions, designed to address regulatory and administrative matters, lack the authority to adjudicate constitutional claims or impose punitive measures that infringe upon fundamental rights. Further, the petitioner asserts that the sentencing court failed to conduct its proceedings within the parameters required by constitutional law. By imposing both supervised release and imprisonment for the same offense, the court demonstrated a disregard for the principles of fairness and justice. This jurisdictional overreach necessitates immediate review and correction by a higher court operating under constitutional authority. In challenging the sentencing court's jurisdiction, the petitioner demands an evidentiary hearing to examine the procedural and substantive flaws in the sentencing process. The petitioner further asserts that the absence of constitutional jurisdiction renders the sentencing order null and void ab initio. Relief in the form of dismissal of charges and the vacating of the sentencing order is essential to restore the petitioner's constitutional rights and prevent further harm.

## 7. STATEMENT OF CLAIM

The petitioner asserts that the imposition of both supervised release and imprisonment for the same offense constitutes a violation of the Double Jeopardy Clause of the Fifth Amendment.

5

This dual sentencing structure infringes upon the constitutional prohibition against multiple punishments for the same offense and is therefore unlawful. The sentencing order issued by the sentencing court directly conflicts with constitutional principles and must be vacated to prevent ongoing harm to the petitioner. supervised release, as codified under 18 U.S.C. § 3561, is an independent sentence. The statute explicitly distinguishes supervised release from imprisonment, recognizing each as a separate form of punishment. By imposing both punishments for the same offense, the sentencing court disregarded this statutory framework, effectively violating the petitioner's rights under federal law. The imposition of supervised release in conjunction with imprisonment represents a clear case of overreach and abuse of judicial authority. The Fifth Amendment provides unequivocal protections against double jeopardy, which includes protection from multiple punishments for the same offense. The petitioner asserts that the sentencing court's sentencing decision amounts to a duplicative and unlawful punishment. This violation not only undermines the petitioner's constitutional rights but also erodes the public's confidence in the judiciary's ability to uphold the rule of law. The petitioner further contends that the sentencing order violated due process as guaranteed by the Fifth and Fourteenth Amendments. The procedural and substantive due process rights of the petitioner were disregarded by the sentencing court's failure to adhere to constitutional and statutory mandates. Such disregard for due process principles constitutes a grave violation of the petitioner's fundamental rights. In light of these claims, the petitioner seeks the immediate dismissal of all charges and the vacating of the sentencing order. The petitioner also demands compensation for the harm suffered as a result of this unconstitutional action, including damages for the loss of liberty, emotional distress, and financial burdens incurred during the period of unlawful punishment. The petitioner's claims are supported by constitutional provisions, statutory mandates, and judicial precedents that affirm the principles of fairness and justice.

## 8. CONSTITUTIONAL CHALLENGE

The petitioner brings this constitutional challenge to address the violation of rights enshrined in the Bill of Rights and the Fourteenth Amendment. The imposition of both supervised release and imprisonment for the same offense infringes upon the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of both the Fifth and Fourteenth Amendments. This petition asserts that these violations necessitate the immediate vacating of the sentencing order and dismissal of charges against the petitioner. The Double Jeopardy Clause unequivocally prohibits multiple punishments for the same offense. The petitioner asserts that the sentencing court's imposition of both supervised release and imprisonment constitutes an impermissible duplication of punitive measures. This dual sentencing not only contravenes the protections afforded by the Fifth Amendment but also represents an unlawful exercise of judicial power, as no statutory or constitutional authority permits such action. Additionally, the Due Process Clause guarantees the right to fair and just legal proceedings. The petitioner contends that the sentencing court's actions disregarded procedural safeguards designed to protect individuals from arbitrary and oppressive government action. The failure to provide a lawful basis for the dual sentencing and the lack of adherence to statutory guidelines underscore a gross violation of due process rights. The petitioner also highlights that the sentencing court's sentencing order undermines the Equal Protection Clause of the Fourteenth Amendment by imposing disproportionate and excessive punishment. The arbitrary imposition of dual sentences for the same offense creates an inequality that cannot be justified under the principles of fairness and justice. Such discriminatory practices must be corrected to uphold the constitutional guarantees afforded to all individuals. This constitutional challenge seeks to restore the petitioner's rights by vacating the sentencing order, dismissing all charges, and providing appropriate compensatory and punitive damages. The petitioner further demands that the court take immediate corrective action to ensure compliance with constitutional principles and to prevent similar violations in the future. This challenge is grounded in the fundamental tenets of justice and the rule of law. .

## 9. LEGAL ARGUMENTS

The petitioner presents the following legal arguments to substantiate the claims and demonstrate the constitutional and statutory violations resulting from the sentencing court's imposition of supervised release and imprisonment for the same offense. These arguments are firmly rooted in established legal principles, statutes, and judicial precedents, and they provide compelling grounds for the relief sought in this petition.

First, the imposition of dual punishments violates the Double Jeopardy Clause of the Fifth Amendment, which explicitly prohibits multiple punishments for the same offense. The United States Supreme Court, in cases such as North Carolina v. Pearce, 395 U.S. 711 (1969), has affirmed that the Double Jeopardy Clause protects individuals from being subjected to multiple forms of punishment arising from a single offense. The sentencing order in question contravenes this principle by imposing both supervised release and imprisonment, rendering it constitutionally invalid.

Second, the statutory framework under 18 U.S.C. § 3561 establishes supervised release as a standalone sentence. This statute explicitly prohibits the imposition of supervised release in conjunction with imprisonment for the same offense unless specific exceptions apply, which are absent in this case. Judicial precedents, including United States v. Granderson, 511 U.S. 39 (1994), reinforce the principle that supervised release is an independent form of punishment and cannot lawfully coexist with imprisonment for the same crime.

Third, the petitioner's due process rights under the Fifth and Fourteenth Amendments were violated by the sentencing court's failure to adhere to established legal and procedural safeguards. The lack of justification or legal basis for the dual sentencing demonstrates a disregard for the procedural fairness required in criminal proceedings. This violation is further compounded by the court's failure to consider the implications of its actions on the petitioner's constitutional rights.

8

Fourth, the arbitrary imposition of dual sentences constitutes cruel and unusual punishment in violation of the Eighth Amendment. The combination of supervised release and imprisonment imposes an undue burden on the petitioner, depriving them of liberty while subjecting them to excessive supervision. This duality is inherently punitive and falls outside the bounds of constitutionally permissible sentencing practices.

Finally, the petitioner asserts that the sentencing court's actions represent a broader pattern of judicial overreach and abuse of discretion. The principles established in Ex parte Young, 209 U.S. 123 (1908), support the authority of federal courts to intervene when state or sentencing courts violate constitutional rights. The petitioner seeks such intervention to rectify the harm caused and to ensure the preservation of justice and constitutional compliance.

## 10. DEMAND FOR EVIDENTIARY HEARING

The petitioner demands an evidentiary hearing to address the constitutional and statutory violations arising from the sentencing court's imposition of supervised release and imprisonment for the same offense. Such a hearing is essential to ensure a comprehensive examination of the facts and to provide the petitioner with an opportunity to substantiate the claims made in this petition. The principles of due process and fundamental fairness require that this court provide an open forum for the resolution of these critical issues. The petitioner asserts that an evidentiary hearing is necessary to establish the procedural deficiencies in the sentencing court's sentencing process. Specifically, the hearing will demonstrate that the court failed to comply with statutory mandates under 18 U.S.C. § 3561 and disregarded the constitutional protections afforded by the Fifth Amendment's Double Jeopardy Clause. Evidence will be presented to show that the dual sentencing structure lacked a lawful basis and was imposed in violation of the petitioner's rights. Additionally, the petitioner seeks to introduce evidence of the harm suffered as a result of the unconstitutional sentencing order. This harm includes, but is not limited to, the loss of liberty, emotional distress, financial burdens, and reputational damage. The evidentiary hearing will allow the petitioner to provide detailed

9

accounts of these harms and to establish the need for compensatory and punitive damages as redress for the violations experienced. The petitioner also requests that the hearing examine the jurisdictional authority of the sentencing court in imposing the dual sentences. Evidence will be presented to challenge the court's jurisdictional basis for its actions, with a focus on the distinction between statutory and constitutional venues. The petitioner asserts that the sentencing court exceeded its jurisdiction by imposing punishments that conflict with both constitutional principles and statutory limitations. Finally, the petitioner demands that the hearing address the broader implications of the sentencing court's actions on judicial accountability and the protection of constitutional rights. The petitioner seeks a declaratory judgment affirming the constitutional violations and a directive to prevent similar violations in future cases. This hearing will serve as a critical step in restoring justice and ensuring adherence to the rule of law.

## 11. AFFIRMATIVE RELIEF REQUESTED

The petitioner respectfully requests that this honorable court grant the following affirmative relief to remedy the constitutional and statutory violations resulting from the sentencing court's actions. This relief is essential to restore the petitioner's rights, ensure accountability, and prevent further injustices.

First, the petitioner demands the immediate dismissal of all charges associated with the offense for which both supervised release and imprisonment were imposed. This dismissal is necessary to rectify the violation of the Fifth Amendment's Double Jeopardy Clause, which unequivocally prohibits multiple punishments for the same offense. The dismissal should be entered with prejudice to ensure that the petitioner is not subjected to future prosecutions for the same matter.

Second, the petitioner seeks an order vacating the original sentencing decision in its entirety. The imposition of dual punishments was not only unconstitutional but also lacked a lawful statutory basis. By vacating the sentencing order, this court will affirm the constitutional

10

protections guaranteed to the petitioner and correct the procedural deficiencies in the original proceedings.

Third, the petitioner requests that this court issue a declaratory judgment affirming that the actions of the sentencing court violated the petitioner's constitutional rights. Such a declaration will serve as a critical precedent to protect other individuals from similar violations and will reinforce the constitutional limitations on judicial authority.

Fourth, the petitioner demands an injunction to prevent the enforcement of the original sentencing order and to prohibit the imposition of similar unconstitutional punishments in future cases. This injunctive relief is necessary to ensure compliance with constitutional and statutory mandates and to safeguard the rights of all individuals subjected to the judicial process.

Finally, the petitioner requests the appointment of a special counsel to investigate the conduct of the sentencing court and its officers in relation to this case. This investigation should address potential violations of the Civil Rights Act of 1866 and the conspiracy against rights under 18 U.S.C. § 241. The petitioner seeks accountability for the actions that led to the deprivation of constitutional protections and demands that appropriate disciplinary and legal actions be taken against those responsible.

## 12. COMPENSATORY AND PUNITIVE DAMAGES

The petitioner respectfully requests compensatory and punitive damages as redress for the constitutional and statutory violations perpetrated through the imposition of both supervised release and imprisonment for the same offense. These damages are essential to provide relief for the harm suffered by the petitioner and to deter similar violations in the future.

First, the petitioner demands compensatory damages at the rate of $1,200 per day for every day subjected to the unconstitutional conditions imposed by the dual sentences. This compensation accounts for the petitioner's loss of liberty, emotional distress, and financial burdens incurred as a result of the sentencing court's actions. The calculation is based on

11

reasonable standards for the deprivation of fundamental rights and the financial and psychological toll experienced by the petitioner.

Second, the petitioner seeks punitive damages to hold the sentencing court and its officers accountable for their actions. The imposition of dual sentences demonstrates a reckless disregard for the petitioner's constitutional rights and a gross abuse of judicial power. Punitive damages are necessary to send a clear message that such conduct is unacceptable and will not be tolerated under the rule of law.

Third, the petitioner asserts that the unconstitutional actions of the sentencing court resulted in reputational harm and diminished opportunities. This harm is particularly egregious given the stigma associated with criminal sentencing and the additional burdens imposed by the dual sentences. Compensation is requested to address these specific damages and to restore the petitioner's standing within the community.

Fourth, the petitioner demands restitution for all legal costs and expenses incurred as a result of challenging the unconstitutional sentencing order. These costs include attorney's fees, court fees, and other related expenses. Restitution is necessary to ensure that the petitioner is not financially disadvantaged by the unlawful actions of the sentencing court.

Finally, the petitioner seeks an additional punitive award against each officer involved in the sentencing decision under 18 U.S.C. § 241, which prohibits conspiracies to deprive individuals of their constitutional rights. The petitioner contends that the actions of the court and its officers constitute a conspiracy against rights, warranting significant punitive measures to ensure accountability and justice.

## 13. SUMMARIZATION OF THE PETITION

The petitioner submits this petition to address egregious constitutional violations stemming from the imposition of both supervised release and imprisonment for the same offense. This dual sentencing structure infringes upon the petitioner's Fifth Amendment protection against double jeopardy and due process rights under the Fifth and Fourteenth Amendments. This

petition seeks to restore justice by vacating the unconstitutional sentencing order, dismissing all charges, and providing appropriate relief for the harm suffered by the petitioner. The petitioner has demonstrated that supervised release, as codified in 18 U.S.C. § 3561, constitutes an independent sentence and cannot lawfully coexist with imprisonment for the same offense. Judicial precedents and statutory mandates affirm the constitutional protections violated by the sentencing court's actions. The petitioner asserts that these violations necessitate immediate judicial intervention to correct the miscarriage of justice. This petition further highlights the jurisdictional overreach of the sentencing court, which exceeded its authority by imposing dual punishments in violation of constitutional and statutory limits. The petitioner demands that this matter be addressed in a court operating under constitutional jurisdiction to ensure the preservation of the petitioner's right to trial by jury and adherence to fundamental legal principles.

 The relief sought by the petitioner includes the dismissal of charges, vacating of the sentencing order, and compensatory and punitive damages to redress the harm caused by the unconstitutional actions. Additionally, the petitioner seeks injunctive relief and the appointment of a special counsel to investigate potential violations of federal civil rights laws by the sentencing court and its officers. In summation, this petition stands as a testament to the fundamental principles of justice and the rule of law. The petitioner respectfully urges this honorable court to grant the requested relief and to reaffirm the constitutional protections that safeguard individual liberty and prevent judicial overreach. Justice requires swift and decisive action to address the violations detailed herein and to ensure that similar transgressions do not occur in the future.

## 14. DEMAND FOR EXPUNGEMENT AND RESTITUTION

The petitioner respectfully demands the immediate expungement of all records related to the unconstitutional sentencing order imposed by the sentencing court. This expungement is essential to restore the petitioner's rights and to eliminate the lasting harm caused by the

13

unlawful actions of the court. The petitioner further requests restitution for the financial and personal damages sustained as a direct result of the violations of constitutional and statutory protections.

First, the expungement of records is necessary to address the reputational harm inflicted upon the petitioner. The existence of these records perpetuates the stigma associated with criminal sentencing and creates ongoing barriers to personal and professional opportunities. Expungement will provide the petitioner with a clean slate and ensure that the unconstitutional actions of the court do not continue to adversely affect the petitioner's future.

Second, the petitioner seeks restitution for all financial losses incurred as a result of the dual sentencing. These losses include fines, fees, and other costs associated with supervised release and imprisonment. The petitioner also demands reimbursement for lost income and expenses arising from the petitioner's inability to work or pursue opportunities during the period of unconstitutional punishment.

Third, the petitioner asserts that restitution must extend to the costs of legal representation and litigation. The petitioner was compelled to incur significant expenses to challenge the unconstitutional sentencing order and to seek redress for the violations of constitutional rights. Full restitution of these costs is necessary to ensure that the petitioner is not financially burdened by the actions of the sentencing court.

Fourth, the petitioner demands compensation for the emotional and psychological harm caused by the unconstitutional sentencing. The dual sentences imposed significant stress, anxiety, and hardship upon the petitioner, warranting restitution to address these intangible but profound damages. Such restitution is critical to the petitioner's recovery and to restoring a sense of justice and fairness.

Finally, the petitioner seeks an additional restitutionary award for the violation of civil rights under the Civil Rights Act of 1866 and 18 U.S.C. § 241. This award is intended to hold the sentencing court and its officers accountable for their actions and to serve as a deterrent

14

against future violations. The petitioner asserts that restitution in this regard is not merely compensatory but also punitive, reflecting the gravity of the constitutional violations at issue.

## 15. CERTIFICATION

I, Robert Henry Rivernider, the petitioner in this matter, hereby certify under witness before God that the contents of this petition are true, accurate, and based upon my knowledge, understanding, and belief of the facts and law presented. This certification is made not under penalty of perjury but as an attestation of my commitment to the truth and the principles of justice, as guided by constitutional authority. I further affirm that this petition has been prepared with the utmost integrity and respect for the rule of law. The violations detailed herein constitute a grave infringement upon my rights as guaranteed by the Constitution for the United States of America. The relief sought is necessary to rectify these violations and to uphold the principles of fairness and justice for all individuals. This certification also serves as validation of the sincerity and urgency of this petition. I call upon this honorable court to review the evidence and arguments presented with due consideration and to grant the relief requested in accordance with constitutional mandates and judicial precedent. The rights protected by the Constitution are not merely legal principles but fundamental safeguards of liberty and human dignity. I, therefore, respectfully submit this petition as an appeal for justice and an assertion of my rights as a citizen of the United States. The violations described in this petition demand immediate and decisive action to restore justice and to prevent further harm. I stand ready to provide additional evidence or testimony as required to support the claims and relief sought herein. This certification is made on this 31st day of January, 2025, in good faith and with the sincere hope that this honorable court will uphold the Constitution and provide the relief requested. I trust in the integrity of this court to act in accordance with its constitutional duties and to ensure justice is served.

Respectfully certified,

We The People

Robert H. Rivernider, agent for:
ROBERT HENRY RIVERNIDER JR. ©
14 S Bobwhite Rd
Wildwood, FL 34785

We The People: _____

Date: January 27, 2025


## JURAT

State of Florida
Sumter County

Sworn to (or affirmed) and subscribed before me by means of

Appeared in person

This 31st ___ day of January, 2025.

By_Robert Henry Rivernider Jr._____

_____ Signature of Notary

ELIZABETH BAYBUSKY
MY COMMISSION # HH 443871
EXPIRES: September 13, 2027

16

CERTIFICATE OF SERVICE

I, Robert H Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue., Suite 300
   Ocala, FL 34471
2. U.S. Attorney General
   Attn: Pamela Jo Bondi
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001
3. Attn: Leo Terrell
   U.S. Department of Justice
   Civil Rights Division
   950 Pennsylvania Avenue, N.W.
   Office of the Assistant Attorney General, Main
   Washington, D.C. 20530
4. Navy JAG Corps
   1322 Patterson Ave., Suite 3000
   Washington Navy Yard, DC 20374-5066

Robert H Rivernider, Agent for
ROBERT HENRY RIVERNIDER JR.

17

R. Riverwder
14 S BobWhite Rd
Wildwood, FL 34785

Retail



UNITED STATES
POSTAL SERVICE ®

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
WILDWOOD, FL 34785
JAN 31, 2025

34475

$2.31

S2324E500786-16

U.S. District Court
Middle DISTRICT OF FLORIDA
207 NorthWest Second Street
OCALA, FL 34475

<span style="color:red">SCREENED
By USMS</span>

