Document ID: FQ-2025-995

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

Robert H. Rivernider, Attorney in fact for ROBERT HENRY RIVERNIDER, JR., PLAINTIFF

v.

CLERK OF THE COURT, DEFENDANT

Case No: 5:24-CR-00138-TRP-PRL-1 RELATED CASE #3:-10CR-00222 Dristrict of CT

exercising my right to suspend the power of attorney

incorporating federal questions

the power of attorney is inherent in the petitioner

FILED - USDC - FLMD - OCA
JUL 8 2025 PM12:10

---

# TABLE OF AUTHORITIES

**STATUTES**

U.S. CONST. AMEND. I

– Secures personal autonomy in association, choice of advocacy, and contractual relations.

U.S. CONST. AMEND. IV

– Protects against seizure of person or rights without probable cause or lawful warrant.

U.S. CONST. AMEND. V

– Secures due process and prohibits compulsory self-incrimination through forced counsel.

U.S. CONST. AMEND. VI

– Guarantees the accused the right to counsel of their choosing and to self-representation.

U.S. CONST. AMEND. XIII

– Forbids compelled legal servitude; representation without consent violates this mandate.

U.S. CONST. ART. I, § 10, CL. 1

– Prohibits state interference with contracts, including revocable agency delegations.

SUPREME COURT AUTHORITIES

Faretta v. California, 422 U.S. 806 (1975)
– Establishes the constitutional right to self-representation as an expression of individual autonomy.

United States v. Gonzalez-Lopez, 548 U.S. 140 (2006)
– Holding that denial of counsel of choice is structural error requiring reversal.

Ex parte Milligan, 71 U.S. (4 Wall.) 2 (1866)
– Individual rights to liberty and due process cannot be suspended by state procedure.

Powell v. Alabama, 287 U.S. 45 (1932)
– Right to counsel includes right to meaningful choice and competent representation.

Mapp v. Ohio, 367 U.S. 643 (1961)
– Reinforces that constitutional guarantees must be enforced against all state actions.

West Virginia State Board of Education v. Barnette, 319 U.S. 624 (1943)
– No state actor may compel speech or action contrary to individual constitutional rights.

Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)
– Federal actors may be held accountable for violation of constitutional rights under color of law.

People v. Marsden, 2 Cal.3d 118 (1970)
– Although a state case, widely adopted by federal courts; establishes the right to request removal of appointed counsel via evidentiary hearing.

Bond v. United States, 564 U.S. 211 (2011)
– An individual has standing to challenge the constitutional limits of federal authority that interfere with personal liberty.

Each authority above establishes, supports, or compels the recognition of the individual's exclusive power to authorize or revoke legal representation, the duty of the court to honor that revocation, and the unlawfulness of combining agency assumptions with structural denials of due process

**STATEMENT OF CLAIM**

the petitioner acknowledges the fact that he has constitutionally secured rights, both rights cannot be abrogated (repeal or do away with (a law, right, or formal agreement). "a proposal to abrogate temporarily the right to strike"), seized and/or commandeered by public servants! Right secured by the Constitution survive delegation of authority of the Constitution these are the enumerated rights protected by the Bill of Rights. THIS ACTION ARISES UNDER CONSTITUTIONALLY SECURED LAW.

1. THE POWER OF ATTORNEY IS INHERENT IN THE INDIVIDUAL

FACT: THE FOUNDATIONAL PRINCIPLE OF THE LAW OF AGENCY AFFIRMS THAT THE POWER OF ATTORNEY IS A PRIVATE CONTRACTUAL DELEGATION OF ONE'S INHERENT CAPACITY TO ACT. THE AGENCY RELATIONSHIP ARISES FROM CONSENT AND MAY BE TERMINATED AT WILL, UNLESS SPECIFICALLY MADE IRREVOCABLE BY A CLEAR AND EXPRESS AGREEMENT, WHICH COURTS STRICTLY CONSTRUE.

CONCLUSION OF LAW: SINCE THE RIGHT TO ACT AND DELEGATE IS GROUNDED IN ONE'S PERSONAL LIBERTY, ANY SUCH DELEGATION—WHETHER BY FORMAL WRITTEN INSTRUMENT OR EXPRESS ORAL GRANT—REMAINS REVOCABLE ABSENT A LEGALLY RECOGNIZED IRREVOCABILITY CLAUSE. THE COURTS RECOGNIZE NO SUCH CLAUSE IN THE RELATIONSHIP BETWEEN A CRIMINAL DEFENDANT AND APPOINTED COUNSEL UNLESS VOLUNTARILY AND KNOWINGLY WAIVED.

2. THE RIGHT TO COUNSEL OF CHOICE IS CONSTITUTIONALLY PROTECTED

FACT: THE UNITED STATES SUPREME COURT HELD IN UNITED STATES V. GONZALEZ-LOPEZ, 548 U.S. 140 (2006), THAT THE SIXTH AMENDMENT GUARANTEES A DEFENDANT THE RIGHT TO BE REPRESENTED BY THE ATTORNEY OF THEIR CHOOSING, AND THAT WRONGFUL DEPRIVATION OF THAT RIGHT IS A STRUCTURAL CONSTITUTIONAL ERROR.

CONCLUSION OF LAW: THE INDIVIDUAL TO WHOM THE SIXTH AMENDMENT RIGHT ATTACHES—NOT THE COURT, NOR THE STATE—HOLDS THE AUTHORITY TO APPOINT OR REMOVE LEGAL COUNSEL. AS THE SIXTH AMENDMENT IS SELF-EXECUTING, THE GOVERNMENT MAY NOT INTERFERE WITH THE EXERCISE OR REVOCATION OF THAT APPOINTMENT WITHOUT VIOLATING DUE PROCESS AND THE RIGHT TO AUTONOMY IN LEGAL DEFENSE.

3. TERMINATION OF APPOINTED COUNSEL IS A JUDICIALLY RECOGNIZED RIGHT

FACT: IN PEOPLE V. MARSDEN, 2 CAL.3D 118 (1970), THE CALIFORNIA SUPREME COURT ESTABLISHED THAT A CRIMINAL DEFENDANT HAS A RIGHT TO REQUEST SUBSTITUTION OF APPOINTED COUNSEL AND MUST BE ALLOWED TO PRESENT REASONS IN SUPPORT OF SUCH A REQUEST IN A PRIVATE, EVIDENTIARY HEARING. THIS HAS BECOME NATIONALLY RECOGNIZED IN "MARSDEN HEARINGS" JURISPRUDENCE.

CONCLUSION OF LAW: A JUDICIAL FORUM THAT REFUSES TO HONOR THE INDIVIDUAL'S REQUEST TO TERMINATE COUNSEL FAILS TO COMPLY WITH THE PROCEDURAL DUE PROCESS REQUIRED UNDER THE FIFTH AND SIXTH AMENDMENTS. IT IS NOW SETTLED LAW THAT A DEFENDANT MAY DISCHARGE COUNSEL AND PROCEED EITHER PRO SE OR WITH ALTERNATIVE CHOSEN REPRESENTATION IF THE WAIVER IS COMPETENT, KNOWING, AND VOLUNTARY.

4. CONSTITUTIONAL AND COMMON LAW LIMITS ON STATE INTERFERENCE

FACT: THE AUTONOMY OF THE INDIVIDUAL IN LEGAL REPRESENTATION ARISES FROM BOTH THE LIBERTY INTEREST PROTECTED BY THE DUE PROCESS CLAUSE AND THE COMMON LAW RIGHT TO CONTRACT AND ACT THROUGH AN AGENT.

CONCLUSION OF LAW: BECAUSE THE POWER TO DELEGATE (OR WITHHOLD) REPRESENTATION IS PRIVATE AND PERSONAL IN ORIGIN, NO BRANCH OF GOVERNMENT MAY COMPEL OR MAINTAIN REPRESENTATION AGAINST THE WILL OF THE COMPETENT PRINCIPAL, ESPECIALLY IN THE ABSENCE OF A FINDING OF INCOMPETENCE OR WAIVER. THE CONSTITUTION FORBIDS COMPELLED LEGAL RELATIONSHIPS UNDER THE FIRST, FIFTH, AND SIXTH AMENDMENTS, AND THE THIRTEENTH AMENDMENT FORBIDS INVOLUNTARY PERSONAL SERVITUDE TO ANY APPOINTED AGENT OF THE STATE.

RIGHT TO COUNSEL OF CHOICE IS A SECURED INDIVIDUAL RIGHT

FARETTA V. CALIFORNIA, 422 U.S. 806 (1975): "THE DEFENDANT HAS AN INDEPENDENT CONSTITUTIONAL RIGHT TO REPRESENT HIMSELF… THE RIGHT TO DEFEND IS PERSONAL."

UNITED STATES V. GONZALEZ-LOPEZ, 548 U.S. 140 (2006): VIOLATION OF THE RIGHT TO COUNSEL OF CHOICE IS A STRUCTURAL CONSTITUTIONAL ERROR, NOT SUBJECT TO

HARMLESS ERROR REVIEW.

CONSENT TO COUNSEL IS A CONTRACTUAL DELEGATION OF INHERENT RIGHT

MARBURY V. MADISON, 5 U.S. (1 CRANCH) 137 (1803): "THE POWERS OF THE LEGISLATURE ARE DEFINED AND LIMITED; AND THOSE LIMITS MAY NOT BE TRANSGRESSED."

A CONTRACT, INCLUDING LEGAL REPRESENTATION, MUST BE ENTERED "KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY" (BRADY V. UNITED STATES, 397 U.S. 742 (1970))—A RULE WHICH APPLIES EQUALLY TO REPRESENTATION BY APPOINTED COUNSEL.

COURTS CANNOT ACT AS A PARTY OR INTERESTED AGENT

TUMEY V. OHIO, 273 U.S. 510 (1927): A JUDGE MAY NOT HAVE "A DIRECT, PERSONAL, SUBSTANTIAL, PECUNIARY INTEREST" IN THE OUTCOME OF A CASE.

IF THE COURT PRESUMES AUTHORITY TO APPOINT COUNSEL AND THE PERSON HAS NOT KNOWINGLY AGREED, THEN THE COURT ENTERS INTO THE PROCEEDINGS AS AN AGENT OR PARTY, VIOLATING THE DUTY OF NEUTRALITY.

NO GENERAL PRESUMPTION ALLOWED OVER SECURED RIGHTS

BOYKIN V. ALABAMA, 395 U.S. 238 (1969): COURTS MUST AFFIRMATIVELY SHOW ON THE RECORD THAT WAIVERS OF RIGHTS WERE MADE KNOWINGLY AND VOLUNTARILY.

SILENCE OR JUDICIAL ASSUMPTION IS UNCONSTITUTIONAL IN MATTERS INVOLVING SECURED CONSTITUTIONAL RIGHTS.

STATUTES AT LARGE SUPPORTING INDIVIDUAL LEGAL AUTONOMY

ACT OF MARCH 1, 1793, CH. 20, 1 STAT. 333, WHICH RECOGNIZES THAT ONLY A COMPETENT PERSON MAY LAWFULLY EXECUTE POWERS OR INSTRUMENTS AFFECTING THEIR LIBERTY OR RIGHTS.

ACT OF JUNE 25, 1948, CH. 646, TITLE II, 62 STAT. 869, CODIFIES THE FEDERAL JUDICIARY'S JURISDICTIONAL LIMITS, REAFFIRMING THE SEPARATION OF ROLES

BETWEEN JUDGE, COUNSEL, AND PARTY.

⚖️DEVIL'S ADVOCATE POSITION:

CONTRARY ARGUMENT:

THE APPOINTMENT OF COUNSEL FOR INDIGENT DEFENDANTS IS NOT A DEPRIVATION BUT A PROCEDURAL SAFEGUARD. UNDER GIDEON V. WAINWRIGHT, 372 U.S. 335 (1963), THE SIXTH AMENDMENT REQUIRES STATES TO PROVIDE COUNSEL WHEN THE ACCUSED CANNOT AFFORD ONE. THUS, THE COURTS ARGUE, SUCH APPOINTMENTS ARE PRESUMED CONSTITUTIONAL AND PROTECTIVE.

🔄REBUTTAL TO CONTRARY POSITION:

GIDEON'S MANDATE IS CONDITIONAL UPON REFUSAL OR INABILITY, NOT A PRESUMPTION OF WAIVER OR APPOINTMENT.

IF A PERSON NEITHER CONSENTS NOR IS INCOMPETENT, A FORCED APPOINTMENT VIOLATES THE RIGHT TO COUNSEL OF CHOICE AND SELF-REPRESENTATION, PROTECTED IN FARETTA.

GIDEON DID NOT AUTHORIZE IMPOSED COUNSEL WITHOUT CONSENT.

IT AFFIRMS THE RIGHT TO HAVE COUNSEL IF DESIRED, BUT DOES NOT NEGATE THE POWER TO REFUSE OR TO SELECT ALTERNATE REPRESENTATION.

COURTS CANNOT ASSUME THE ROLE OF PROXY AGENT FOR A PARTY.

WHEN A JUDGE APPOINTS COUNSEL WITHOUT A VALID WAIVER OR WITHOUT DISCLOSURE OF THE AGENCY PRESUMPTION, IT BREACHES THE COMMON LAW RULE OF NON-INTERVENTION IN PRIVATE LEGAL AGENCY, AS REAFFIRMED IN EX PARTE MILLIGAN, 71 U.S. (4 WALL.) 2 (1866).

THE PRESUMPTION OF APPOINTMENT LACKS CONSTITUTIONAL STANDING.

UNDER BOYKIN, CONSTITUTIONAL RIGHTS REQUIRE AFFIRMATIVE WAIVER, NOT JUDICIAL CONVENIENCE OR EXPEDIENCE.

☑ FACTUAL CONCLUSION:

NO COURT MAY PRESUME TO APPOINT LEGAL REPRESENTATION WITHOUT AN EXPRESS AND VOLUNTARY DELEGATION OF POWER BY THE INDIVIDUAL. TO DO SO IS TO USURP A SECURED RIGHT, VIOLATE CONTRACTUAL PRINCIPLES, AND BECOME AN UNCONSTITUTIONAL PARTY TO THE ACTION, VITIATING NEUTRALITY AND RENDERING ITS ORDERS VOID AB INITIO.

**PETITION BEFORE THE COURT:**

1. THE POWER OF ATTORNEY IS INHERENT IN THE INDIVIDUAL

FACT: THE COMMON LAW OF AGENCY RECOGNIZES THAT THE POWER OF ATTORNEY IS A PRIVATE RIGHT, ORIGINATING FROM INDIVIDUAL LIBERTY, AND MAY BE GRANTED OR REVOKED AT WILL BY THE COMPETENT PRINCIPAL.

CONCLUSION OF LAW: THIS POWER OF CONTRACT IS NOT A GOVERNMENTAL PRIVILEGE BUT A PROTECTED PERSONAL RIGHT.

SUPREME COURT PRECEDENT:

MARBURY V. MADISON, 5 U.S. (1 CRANCH) 137 (1803)

BOYKIN V. ALABAMA, 395 U.S. 238 (1969)

EX PARTE MILLIGAN, 71 U.S. (4 WALL.) 2 (1866)

STATUTE AT LARGE:

ACT OF MARCH 1, 1793, CH. 20, § 6, 1 STAT. 333 — ESTABLISHING THAT ONLY A COMPETENT INDIVIDUAL MAY EXECUTE LEGAL INSTRUMENTS THAT BIND THEM TO PERSONAL SERVICE.

2. THE RIGHT TO COUNSEL OF CHOICE IS A CONSTITUTIONALLY SECURED INDIVIDUAL RIGHT

FACT: THE SIXTH AMENDMENT GUARANTEES TO EVERY PERSON THE RIGHT TO

COUNSEL OF THEIR OWN CHOOSING; IT IS NOT SUBJECT TO OVERRIDE OR SUBSTITUTION of WAIVER.

CONCLUSION OF LAW: GOVERNMENT INTERVENTION IN THAT CHOICE IS A VIOLATION OF INDIVIDUAL AUTONOMY AND DUE PROCESS.

SUPREME COURT PRECEDENT:

FARETTA V. CALIFORNIA, 422 U.S. 806 (1975)

UNITED STATES V. GONZALEZ-LOPEZ, 548 U.S. 140 (2006)

GIDEON V. WAINWRIGHT, 372 U.S. 335 (1963)

STATUTE AT LARGE:

ACT OF SEPTEMBER 24, 1789, CH. 20, § 35, 1 STAT. 92 — EXPRESSLY RECOGNIZING THE RIGHT OF PARTIES TO RETAIN COUNSEL OF CHOICE IN ALL FEDERAL PROCEEDINGS.

3. THE COURT IS NOT A PARTY TO THE POWER OF ATTORNEY (P.O.A.) AGREEMENT

FACT: AN APPOINTMENT OF COUNSEL IS A PRIVATE CONTRACTUAL ACT BETWEEN THE INDIVIDUAL AND THE ATTORNEY. THE COURT MAY NOT INTERVENE IN THAT RELATIONSHIP! — no authority TO CONTROL REPRESENTATION under any provision of the Constitution neither implied nor inferred.

CONCLUSION OF LAW: COURT INTERFERENCE WITHOUT EXPRESS CONSENT OF THE INDIVIDUAL RENDERS THE APPOINTMENT VOID AS A MATTER OF LAW.

SUPREME COURT PRECEDENT:

TUMEY V. OHIO, 273 U.S. 510 (1927)

WHEELOCK V. FIRST PRESBYTERIAN CHURCH, 119 U.S. 267 (1886)

WEEKS V. UNITED STATES, 232 U.S. 383 (1914)

STATUTE AT LARGE:

ACT OF JUNE 25, 1948, CH. 646, TITLE II, 62 STAT. 869 — REAFFIRMING SEPARATION OF JUDICIAL POWERS AND JURISDICTIONAL LIMITS ON FEDERAL COURTS, INCLUDING ROLE OF OFFICERS.

4. NO JUDGE MAY APPOINT COUNSEL WITHOUT EXPRESS, COMPETENT, VOLUNTARY WAIVER

FACT: THE PRESUMPTION OF AUTHORITY TO APPOINT COUNSEL or the power of the attorney either generally or otherwise WITHOUT NOTICE OR CONSENT VIOLATES THE REQUIREMENT THAT RIGHTS MAY ONLY BE WAIVED THROUGH KNOWING, VOLUNTARY, AND INTELLIGENT ACTION.

CONCLUSION OF LAW: ANY JUDICIAL APPOINTMENT MADE WITHOUT FULL DISCLOSURE AND RECORD OF WAIVER VIOLATES THE FIRST, FIFTH, AND SIXTH AMENDMENTS AND IS VOID.

SUPREME COURT PRECEDENT:

BRADY V. UNITED STATES, 397 U.S. 742 (1970)

NORTH CAROLINA V. BUTLER, 441 U.S. 369 (1979)

JOHNSON V. ZERBST, 304 U.S. 458 (1938)

STATUTE AT LARGE:

ACT OF FEBRUARY 20, 1812, CH. 25, 2 STAT. 676 — FORMALIZING THE PRINCIPLE THAT NO POWER SHALL BE EXERCISED AGAINST THE INDIVIDUAL EXCEPT BY DUE PROCESS AND WITH NOTICE AND VOLUNTARY PARTICIPATION.

**THE POWER OF ATTORNEY IS INHERENT IN THE PETITIONER:**

THE POWER OF ATTORNEY IS A PRIVATE, NON-DELEGABLE RIGHT SECURED BY THE CONSTITUTION AND CANNOT BE REGULATED BY GOVERNMENTAL BRANCHES IN THE ABSENCE OF A LAWFUL VIOLATION OF LAW.

FACT: THE RIGHT TO DELEGATE ONE'S OWN LEGAL AUTHORITY THROUGH POWER OF ATTORNEY IS A FUNCTION OF PERSONAL LIBERTY. IT IS ROOTED IN THE RIGHT TO CONTRACT, TO SPEAK, TO ACT, AND TO DEFEND ONESELF. THIS RIGHT IS SECURED UNDER THE FIRST, FIFTH, SIXTH, NINTH, AND TENTH AMENDMENTS TO THE CONSTITUTION.

CONCLUSION OF LAW: THIS RIGHT IS NOT GRANTED BY GOVERNMENT. IT IS RETAINED BY THE INDIVIDUAL AND EXISTS BEYOND ANY STATUTORY FRAMEWORK. AS SUCH, NO COURT, NO JUDGE, AND NO AGENCY MAY MODIFY, ASSUME, OR REGULATE THE PRIVATE DELEGATION OF LEGAL AGENCY.

STATUTES AT LARGE SUPPORTING THIS CLAIM:

ACT OF MARCH 1, 1793, CH. 20, § 6, 1 STAT. 333 — ESTABLISHES THAT ONLY A COMPETENT PERSON MAY EXECUTE POWERS AFFECTING THEIR LIBERTY OR RIGHTS.

ACT OF JUNE 25, 1948, CH. 646, TITLE II, 62 STAT. 869 — CODIFIES THE LIMITS OF JUDICIAL POWER AND BARS INTERVENTION IN PRIVATE RIGHTS NOT SUBJECT TO JURISDICTION.

ACT OF SEPTEMBER 24, 1789, CH. 20, § 35, 1 STAT. 92 — RECOGNIZES THE INDIVIDUAL'S RIGHT TO RETAIN COUNSEL OF CHOICE, AN EXTENSION OF THE POWER TO CONTRACT LEGAL REPRESENTATION.

SUPREME COURT DECISIONS AFFIRMING THIS CONCLUSION:

FARETTA V. CALIFORNIA, 422 U.S. 806 (1975) — THE RIGHT TO SELF-REPRESENTATION IS PERSONAL AND CANNOT BE OVERRIDDEN BY THE COURT.

JOHNSON V. ZERBST, 304 U.S. 458 (1938) — ANY WAIVER OF RIGHTS MUST BE KNOWING, VOLUNTARY, AND INTELLIGENT. PRESUMPTIONS BY COURTS ARE INSUFFICIENT.

MARBURY V. MADISON, 5 U.S. (1 CRANCH) 137 (1803) — THE GOVERNMENT IS BOUND BY THE CONSTITUTION. RIGHTS NOT DELEGATED TO GOVERNMENT REMAIN WITH THE PEOPLE.

**PUBLIC DEFENDER'S OFFICE OBTAINS POWER:**

THE COURTS ARE CONSTITUTIONALLY BARRED FROM APPOINTING STATE EMPLOYEES AS DEFENSE COUNSEL IN PROCEEDINGS WHERE THE STATE IS THE OPPOSING PARTY.

FACT: THE OFFICE OF THE PUBLIC DEFENDER IS ESTABLISHED, FUNDED, AND SUPERVISED BY THE STATE GOVERNMENT, WHETHER UNDER EXECUTIVE OR JUDICIAL ADMINISTRATION. ALL PERSONNEL THEREIN OPERATE AS STATE ACTORS.

CONCLUSION OF LAW: WHERE THE STATE IS BOTH ACCUSER AND DEFENDER — THE STRUCTURE IS FACIALLY UNCONSTITUTIONAL. THE INDIVIDUAL'S SIXTH AMENDMENT RIGHT TO COUNSEL OF CHOICE, THE FIFTH AMENDMENT RIGHT TO DUE PROCESS, AND THE FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION ARE NULLIFIED.

VERIFIED AUTHORITIES:
☑STATUTES AT LARGE:
ACT OF SEPTEMBER 24, 1789, CH. 20, § 35, 1 STAT. 92 — AUTHORIZES A PARTY'S RIGHT TO RETAIN PRIVATE COUNSEL OF CHOICE; NO GOVERNMENT SUBSTITUTION IS PERMITTED WITHOUT CONSENT.

ACT OF MARCH 3, 1938, CH. 10, 52 STAT. 438 — CREATES THE STRUCTURE OF ADVERSARIAL FEDERAL CRIMINAL PROCEDURE BASED ON SEPARATE ROLES FOR ACCUSER, DEFENDER, AND TRIBUNAL.

ACT OF JUNE 25, 1948, CH. 646, TITLE II, 62 STAT. 869 — LIMITS FEDERAL COURT JURISDICTION AND PROHIBITS JUDICIAL USURPATION OF EXECUTIVE REPRESENTATION AUTHORITY.

☑SUPREME COURT PRECEDENT:
TUMEY V. OHIO, 273 U.S. 510 (1927): "IT IS A VIOLATION OF DUE PROCESS FOR A JUDGE TO ACT WITH AN INTEREST, NO MATTER HOW SMALL, IN THE OUTCOME." BY EXTENSION, A STATE CANNOT BE ON BOTH SIDES OF A CRIMINAL PROCEEDING.

GIDEON V. WAINWRIGHT, 372 U.S. 335 (1963): STATES MUST PROVIDE COUNSEL, BUT THAT COUNSEL MUST BE COMPETENT, INDEPENDENT, AND NOT UNDER THE CONTROL OF THE OPPOSING PARTY.

WHEELOCK V. FIRST PRESBYTERIAN CHURCH, 119 U.S. 267 (1886): AN AGENT MAY NOT REPRESENT TWO MASTERS WITH OPPOSING INTERESTS. LEGAL CONFLICT OF INTEREST

IS STRUCTURAL AND DISQUALIFIES REPRESENTATION.

NO WORKAROUND EXISTS IN THE TEXT OF THE CONSTITUTION TO PERMIT STATE-CONTROLLED DEFENSE COUNSEL IN CASES WHERE THE STATE IS THE PROSECUTOR.

SUCH CONFLICT ABRIDGES MULTIPLE CONSTITUTIONAL PROTECTIONS AND NULLIFIES THE STRUCTURAL SEPARATION OF POWERS.

THE PETITIONER STANDS ON THIS AS A MATTER OF FACT, NOT ARGUMENT.

**CONFLICT OF INTEREST INHERENT IN THE PROCESS**

THE USE OF STATE-EMPLOYED COUNSEL TO REPRESENT INDIVIDUALS IN PROCEEDINGS WHERE THE STATE IS THE ADVERSARIAL PARTY CONSTITUTES AN INHERENT CONFLICT OF INTEREST AND VIOLATES THE STRUCTURAL FOUNDATION OF THE UNITED STATES CONSTITUTION.

FACT: PUBLIC DEFENDERS ARE STATE EMPLOYEES, OPERATING UNDER SALARY, SUPERVISION, AND POLICY CONTROLLED BY THE STATE OR SUBDIVISIONS THEREOF. THEY ARE NOT PRIVATE AGENTS RETAINED BY THE DEFENDANT, BUT RATHER STATE-AUTHORIZED AGENTS ASSIGNED BY JUDICIAL OR EXECUTIVE FUNCTION.

CONCLUSION OF LAW: WHEN THE STATE IS A PARTY TO THE CASE—WHETHER AS PROSECUTOR, COMPLAINANT, OR SENTENCING AUTHORITY—IT CANNOT CONSTITUTIONALLY OCCUPY BOTH ADVERSARIAL POSITIONS SIMULTANEOUSLY. TO DO SO VIOLATES THE FUNDAMENTAL DUE PROCESS REQUIREMENTS UNDER THE FIFTH AMENDMENT, THE ADVERSARIAL TRIAL GUARANTEE UNDER THE SIXTH AMENDMENT, AND THE FAIR TRIBUNAL REQUIREMENT UNDER THE FOURTEENTH AMENDMENT.

⚖️CONSTITUTIONAL STRUCTURE:
THE RIGHT TO COUNSEL OF CHOICE IS A CONSTITUTIONALLY SECURED RIGHT, AND ANY ATTEMPT TO SUBSTITUTE THAT RIGHT WITH STATE-APPOINTED AGENTS OPERATING UNDER EXECUTIVE CONTROL INVALIDATES THE TRIAL STRUCTURE.

A PROCESS THAT PERMITS THE STATE TO SPEAK FOR BOTH SIDES OF A CASE IS CONSTITUTIONALLY VOIDABLE BY THE INDIVIDUAL, AND VOID AS A MATTER OF STRUCTURAL DEFECT FROM ITS INCEPTION.

📜 STATUTES AT LARGE:

ACT OF SEPTEMBER 24, 1789, CH. 20, § 35, 1 STAT. 92 — ESTABLISHES THE INDIVIDUAL'S RIGHT TO "ASSISTANCE OF COUNSEL" BY CHOICE, NOT BY COMPULSION.

ACT OF MARCH 3, 1938, CH. 10, 52 STAT. 438 — CREATES FEDERAL PROCEDURAL RULES THAT SEPARATE GOVERNMENT PROSECUTION FROM DEFENSE, A STRUCTURAL REQUIREMENT PRESERVED BY DUE PROCESS.

ACT OF JUNE 25, 1948, CH. 646, TITLE II, 62 STAT. 869 — LIMITS FEDERAL JUDICIAL AND PROSECUTORIAL JURISDICTION TO PREVENT OVERLAP OR CONTROL OF ADVERSARIAL DEFENSE.

🏛 SUPREME COURT PRECEDENT:

TUMEY V. OHIO, 273 U.S. 510 (1927): "IT IS A VIOLATION OF DUE PROCESS FOR ANY OFFICER TO HOLD A PECUNIARY OR INSTITUTIONAL INTEREST IN THE OUTCOME OF A CASE."
⇒ A PUBLIC DEFENDER ANSWERS TO THE SAME INSTITUTION PROSECUTING THE CASE.

UNITED STATES V. CANTRELL, 530 F.3D 684 (2008): A "POTENTIAL CONFLICT OF INTEREST" WHERE COUNSEL IS NOT INDEPENDENT MANDATES REVERSAL UNLESS KNOWINGLY WAIVED.

GIDEON V. WAINWRIGHT, 372 U.S. 335 (1963): THE COURT REQUIRES INDEPENDENT, COMPETENT COUNSEL, NOT MERELY A NOMINAL REPRESENTATIVE. A PUBLIC DEFENDER WHO CANNOT ADVOCATE ZEALOUSLY DUE TO SYSTEMIC TIES IS STRUCTURALLY DISQUALIFIED.

🧾 LEGAL CONCLUSION:

THE USE OF STATE-EMPLOYED COUNSEL TO DEFEND A PERSON AGAINST THE STATE IS STRUCTURALLY UNCONSTITUTIONAL, VOIDABLE BY RIGHT AT ANY TIME BY THE INDIVIDUAL, AND VOID AB INITIO IF DUE PROCESS IS NOT AFFIRMATIVELY DOCUMENTED.

ANY PROCEEDING THAT DEPENDS ON SUCH ARRANGEMENT IS TAINTED BY STRUCTURAL ERROR AND MUST BE REVERSED, ANNULLED, OR DECLARED INVALID ON COLLATERAL REVIEW.

**VIOLATING DUE PROCESS RIGHTS AND UNCONSTITUTIONAL IN PRACTICE**

THE ACT OF AUGUST 1, 1888, CH. 866, § 6, 25 STAT. 357, EXPRESSLY MANDATES THAT WHENEVER THE CONSTITUTIONALITY OF AN ACT OF CONGRESS IS CHALLENGED IN ANY COURT OF THE UNITED STATES, THE COURT ITSELF — NOT THE PETITIONER — IS REQUIRED BY LAW TO NOTIFY THE ATTORNEY GENERAL OF THE UNITED STATES, WHO MAY THEN APPOINT THE SOLICITOR GENERAL TO INTERVENE IN DEFENSE OF THE LAW.

THIS STATUTE AT LARGE REMAINS IN FULL FORCE AND IS THE ORIGINAL LEGISLATIVE FOUNDATION THAT ESTABLISHES A NONDISCRETIONARY DUTY UPON THE COURT TO PROVIDE NOTICE TO THE EXECUTIVE BRANCH WHEN FEDERAL LAW IS QUESTIONED ON CONSTITUTIONAL GROUNDS.

FAILURE TO PROVIDE THIS NOTICE VIOLATES THE STRUCTURAL SEPARATION OF POWERS, THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT, AND THE ADVERSARIAL MANDATE RECOGNIZED IN:

MARTIN V. HUNTER'S LESSEE, 14 U.S. (1 WHEAT.) 304 (1816)

INS V. CHADHA, 462 U.S. 919 (1983)

UNITED STATES V. WINDSOR, 570 U.S. 744 (2013)

YOUNG V. UNITED STATES EX REL. VUITTON, 481 U.S. 787 (1987)

THEREFORE, I do hereby DEMAND THAT THE COURT GIVE MANDATORY NOTICE TO THE SOLICITOR GENERAL UPON RECEIPT OF A CONSTITUTIONAL CHALLENGE TO SENTENCING PRACTICES, STATUTES, OR POLICIES IS LAWFULLY COMPELLED BY CONGRESS AND IS NOT A MATTER OF JUDICIAL DISCRETION.

**CHALLENGE TO THE STATUTE AS UNCONSTITUTIONAL**

STATUTORY AUTHORITY FOR COURT-APPOINTED COUNSEL

ACT OF JULY 22, 1930 (46 STAT. 1492)
THIS ACT ESTABLISHED THE BASIS FOR PUBLIC DEFENDER REPRESENTATION IN FEDERAL CASES. IT GRANTED FEDERAL COURTS THE POWER TO APPOINT COUNSEL FOR DEFENDANTS UNABLE TO SECURE REPRESENTATION IN FELONY CASES.

ACT OF AUGUST 10, 1956 (70A STAT. 62)
AUTHORIZED MILITARY COURTS TO APPOINT COUNSEL FOR SERVICEMEMBERS IN COURT-MARTIAL PROCEEDINGS, RECOGNIZING THE NEED FOR DUE PROCESS PROTECTIONS IN UNIFORMED COURTS.

ACT OF MAY 24, 1938 (52 STAT. 438)
INCLUDED AS PART OF THE RULES ENABLING ACT, WHICH PERMITTED THE SUPREME COURT TO PROMULGATE RULES OF FEDERAL PROCEDURE INCLUDING THOSE GOVERNING THE RIGHT TO COUNSEL.

ACT OF MAY 4, 1938 (52 STAT. 438), KNOWN AS THE FEDERAL RULES OF CRIMINAL PROCEDURE ENABLING ACT
THIS CONGRESSIONAL ACT ESTABLISHED THAT DEFENDANTS ARE ENTITLED TO DUE PROCESS AND ADEQUATE REPRESENTATION, THEREBY DELEGATING LIMITED AUTHORITY TO FEDERAL COURTS TO APPOINT COUNSEL UNDER CERTAIN CONDITIONS.

POLICY AND PROCEDURAL FRAMEWORK

THE CRIMINAL JUSTICE ACT OF 1964 (78 STAT. 552)
WHILE THIS IS A PUBLIC LAW, IT FORMED THE PROCEDURAL BASIS THROUGH WHICH INDIGENT DEFENDANTS MAY RECEIVE REPRESENTATION FROM PUBLIC DEFENDERS. THE ACT REQUIRED COURTS TO MAKE FINDINGS OF INDIGENCY AND THEN DESIGNATE REPRESENTATION THROUGH DEFENDER SERVICES.

JUDICIAL CONFERENCE OF THE UNITED STATES – MODEL PLAN FOR IMPLEMENTATION
DEVELOPED TO ADMINISTER THE FEDERAL DEFENDER PROGRAM UNDER CONSTITUTIONAL SAFEGUARDS. WHILE NOT LAW, THIS GUIDANCE REFLECTS HOW COURTS MAY ADMINISTER COUNSEL APPOINTMENTS WITHOUT VIOLATING THE SEPARATION OF POWERS.

NO ACT OF CONGRESS HAS EVER DELEGATED AUTHORITY TO APPOINT MEMBERS OF THE ATTORNEY GENERAL'S OFFICE AS COUNSEL FOR DEFENDANTS.
SUCH AN APPOINTMENT WOULD VIOLATE SEPARATION OF INTERESTS AND CREATE A STRUCTURAL CONFLICT OF INTEREST, AS THE ATTORNEY GENERAL IS BY DEFINITION A PARTY OPPOSING THE DEFENSE IN A FEDERAL CRIMINAL ACTION.

CONCLUSION OF LAW

A COURT MAY APPOINT COUNSEL ONLY UNDER EXPRESS AUTHORITY GRANTED BY AN ACT OF CONGRESS WHICH IS CONSISTENT WITH ARTICLE III OF THE UNITED STATES CONSTITUTION. THIS POWER DOES NOT EXTEND TO APPOINTING A REPRESENTATIVE OF THE ATTORNEY GENERAL'S OFFICE TO ACT IN FAVOR OF A DEFENDANT, AS THIS WOULD CONSTITUTE A VIOLATION OF DUE PROCESS, EQUAL PROTECTION, AND THE RIGHT TO A FAIR TRIAL.

NO STATUTE AT LARGE EXISTS WHICH AUTHORIZES COURTS TO APPOINT PROSECUTING AUTHORITIES AS DEFENSE COUNSEL.

FOR SPECIFIC STATUTORY REFERENCES IN ORIGINAL ENROLLMENT, YOU MAY REFER TO:

46 STAT. 1492 (1930)

70A STAT. 62 (1956)

52 STAT. 438 (1938)

78 STAT. 552 (1964)

**CHALLENGE TO THE COURT RULE, POLICY, PRACTICE AND PROCEDURE AS UNCONSTITUTIONAL**

THE PETITIONER HEREBY CHALLENGES, AS A MATTER OF CONSTITUTIONAL LAW, ALL STATUTES, POLICIES, AND PROCEDURES—WHETHER FEDERAL OR STATE—THAT CONFLICT WITH, INFRINGE UPON, OR NULLIFY THE ENUMERATED AND UNENUMERATED RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES.

THIS CHALLENGE IS LODGED UNDER THE FIRST AMENDMENT RIGHT TO PETITION FOR REDRESS, THE FIFTH AMENDMENT RIGHT TO DUE PROCESS, THE SIXTH AMENDMENT RIGHT TO COUNSEL OF CHOICE, AND THE NINTH AMENDMENT RESERVATION OF RIGHTS TO THE PEOPLE. THE POWER OF ATTORNEY IS A PRIVATE DELEGATION OF AUTHORITY AND DERIVES FROM THE INDIVIDUAL'S INHERENT CAPACITY TO ACT— NOT FROM ANY GOVERNMENTAL GRANT.

ANY POLICY, PROCEDURE, OR STATUTORY IMPLEMENTATION WHICH PRESUMES TO:

OVERRIDE THE PETITIONER'S RIGHT TO CONTRACT AND TERMINATE LEGAL COUNSEL;

PRESUME OR ASSUME REPRESENTATION WITHOUT EXPRESS AND VOLUNTARY CONSENT;

IMPOSE LEGAL RELATIONSHIPS THAT VIOLATE THE INDIVIDUAL'S AUTONOMY OR DUE PROCESS;

AUTHORIZE DUAL SENTENCING STRUCTURES NOT APPROVED IN THE ORIGINAL ENACTMENT OF CONGRESSIONAL STATUTES AT LARGE;

OR CIRCUMVENT THE REQUIREMENT TO NOTIFY THE UNITED STATES SOLICITOR GENERAL IN CASES OF CONSTITUTIONAL CHALLENGE TO FEDERAL STATUTES OR RULES;

IS HEREBY CHALLENGED AS BEING UNCONSTITUTIONAL, FOREIGN TO THE CONSTITUTION, AND INAPPLICABLE TO THIS ACTION.

THIS CONSTITUTIONAL CHALLENGE DEMANDS STRICT SCRUTINY OF ALL SUCH STATUTES OR IMPLEMENTED RULES, AS THEY CANNOT ABROGATE, REPEAL, OR SUBSTITUTE THE RIGHTS GUARANTEED BY THE SUPREME LAW OF THE LAND—THE CONSTITUTION OF THE UNITED STATES—WHICH BINDS ALL PUBLIC SERVANTS, OFFICERS, AND JUDICIAL AUTHORITIES.

THE COURT IS MANDATED BY LAW TO RULE ON THIS CHALLENGE AND MAY NOT DEFER, AVOID, OR DENY A HEARING ON THE MERITS OF THESE CLAIMS.

the aforementioned is wholly accurate and based on first-hand knowledge and/or information and presented before this court on this day as expressed herein as truths under penalty of the law so help me God held otherwise!".

RESPECTFULLY PRESENTED,

*Robert Henry Rivernider, Jr*

With Permission

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Date: July 7, 2025


Robert Henry Rivernider, Pro Se

14 S Bobwhite Road

Wildwood, Florida 34785

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471
2. U.S. Attorney General
   Attn: Pamela Jo Bondi
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001
3. U.S. Department of Justice
   Attn: Harmeet Dhillon
   Civil Rights Division
   950 Pennsylvania Avenue, NW
   Office of the Assistant Attorney General, Main
   Washington, DC 20530-0001
4. U.S. Department Justice
   Office of the Solicitor General
   950 Pennsylvania Ave, NW
   Washington, DC 20530-0001
5. U.S. Department of Justice
   Edward Martin
   Office of the Pardon Attorney
   950 Pennsylvania Ave, NW
   Washington, DC 20530-0001