Document ID: PWHR-2025-995

# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA (OCALA)

Robert H. Rivernider, Attorney in fact for ROBERT HENERY RIVERNIDER JR., PETITIONER

v.

CLERK OF THE COURT, et al, RESPONDENT

Case No: 5:24-cr-00138 Related case #3:10cr-00222 District of CT

PETITION FOR DECLARATORY RELIEF in the form of an affidavit as a CONSTITUTIONAL CHALLENGE TO WAIVER OF PRE-WARRANT HEARING;

TO STRIKE AS UNCONSTITUTIONAL COMBINATION OF INCARCERATION WITH SUPERVISED RELEASE, PROBATION, OR PAROLE FOR THE SAME OFFENSE, IN VIOLATION OF THE CONSTITUTION AND THE EXPRESS LANGUAGE OF STATUTES AT LARGE

FILED - USDC - FLMD - OCA
JUL 8 2025 PM12:10

## TABLE OF AUTHORITIES

**CONSTITUTIONAL PROVISIONS**

U.S. CONST. amend. I

Prohibits laws abridging the freedom of speech, press, or religious liberty; any term of probation or supervised release that restrains these

rights post-incarceration implicates this prohibition.

U.S. CONST. amend. IV

Protects against unreasonable searches and seizures; requires probable cause supported by oath or affirmation—thus mandating a hearing.

U.S. CONST. amend. V

Prohibits double jeopardy and deprivation of liberty without due process. Imposing multiple forms of liberty restraint (incarceration + supervised release) constitutes double punishment.

U.S. CONST. amend. VIII

Prohibits excessive fines and cruel and unusual punishment. Post-incarceration restraints like probation or supervised release for the same offense are constitutionally excessive.

U.S. CONST. amend. XIII

Prohibits involuntary servitude unless as punishment for a crime. Post-release control mechanisms can extend servitude beyond lawful conviction.

U.S. CONST. art. I, § 8, cl. 18

Limits Congress's power to make laws necessary and proper for executing enumerated powers. Congress may not enact ambiguous sentencing laws that violate other constitutional guarantees.

ACTS OF CONGRESS / STATUTES AT LARGE

Sentencing Reform Act of 1984, enacted as part of the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987.
Statute abolishes parole and delineates distinct sentencing modes—probation OR imprisonment—not both. See Title II, Chapter II, 98 Stat. 1998–2010.

Act of April 30, 1790 (1 Stat. 112) — An Act for the Punishment of Certain Crimes Against the United States.
Defines original sentencing architecture; does not permit hybrid punishments post-custody.

Act of March 3, 1891, 26 Stat. 826 (Establishing the U.S. Circuit Courts of Appeals)
Congressional structure reinforcing the supremacy of statutory interpretation over judicial discretion.

Act of June 25, 1948, ch. 646, 62 Stat. 683
Creation of Chapter 227, establishing original sentencing subchapters. Reflects Congress's control over sentencing classifications.

Judiciary Act of 1789, 1 Stat. 73
Establishes that Article III courts are governed by due process constraints and bound by legislative text—no judicial supplementation beyond statute.

Act of July 10, 1956, ch. 629, 70 Stat. 523
Defined federal probation structure and the non-conjunctive use of

probation with incarceration.

Act of October 15, 1914, 38 Stat. 785 (Harrison Narcotics Act)
Reinforces the historical usage of clear sentencing structure where treatment, probation, and incarceration were separately administered.

Act of June 25, 1910, ch. 387, 36 Stat. 825 (Federal Parole Act)
Established parole as distinct from sentencing; parole was repealed by Sentencing Reform Act to avoid confusion with determinate sentencing.

Military Justice Act of 1950, 64 Stat. 107
Mandates uniformity in judicial punishment and bans overlapping jurisdiction in sentencing—a principle now violated by dual sentencing.

Act of March 3, 1825, ch. 65, 4 Stat. 115
Originally codified clear distinctions in punitive classes; no overlap of parole, probation, or dual forms of punishment.

Act of March 4, 1909, ch. 321, 35 Stat. 1088 (Criminal Code of 1909)
Contained earliest codification of criminal penalties which clearly maintained segregation of sentencing forms—custodial vs. noncustodial.

## STATEMENT OF CLAIM

1. ANY WARRANT ISSUED EX PARTE WITHOUT NOTICE TO THE NAMED INDIVIDUAL IS VOID. THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES MANDATES THAT "NO

WARRANTS SHALL ISSUE BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION." THIS TEXTUAL REQUIREMENT CREATES A NON-DISCRETIONARY DUTY TO CONDUCT A HEARING WHERE "OATH" AND "AFFIRMATION" NECESSITATE LIVE TESTIMONY OR EVIDENTIARY DECLARATION MADE UNDER PENALTY OF PERJURY BEFORE A JUDICIAL OFFICER. BY DEFINITION, THIS CONSTITUTES A HEARING. SUPREME COURT PRECEDENT IN JOHNSON V. UNITED STATES, 333 U.S. 10 (1948) CONFIRMED THAT WARRANTS ISSUED WITHOUT JUDICIAL DETERMINATION OF PROBABLE CAUSE—BASED ON COMPETENT AFFIRMATION—ARE UNCONSTITUTIONAL. MULLANE V. CENTRAL HANOVER BANK & TRUST CO., 339 U.S. 306 (1950) FURTHER MANDATES THAT PRIOR NOTICE AND OPPORTUNITY TO BE HEARD ARE REQUIRED WHERE A LEGAL RIGHT IS AT STAKE. FAILURE TO NOTIFY THE ACCUSED OR PERMIT ADVERSARIAL PARTICIPATION VIOLATES PROCEDURAL DUE PROCESS AND RESULTS IN STRUCTURAL ERROR UNDER SULLIVAN V. LOUISIANA, 508 U.S. 275 (1993).

**PRE-WARRANT ADVERSARIAL HEARINGS ARE CONSTITUTIONALLY REQUIRED**

THE COMBINATION OF CUSTODIAL SENTENCES (INCARCERATION) WITH NON-CUSTODIAL PENALTIES (PROBATION, PAROLE, OR SUPERVISED RELEASE) FOR THE SAME OFFENSE VIOLATES CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE PUNISHMENT, EXCESSIVE PENALTIES, AND UNLAWFUL SERVITUDE. THE INTENT OF CONGRESS IN THE SENTENCING REFORM ACT, AS RECORDED IN 98 STAT. 1987, WAS TO ELIMINATE PAROLE AND TO ENSURE THAT CUSTODIAL SENTENCES WERE FINAL.

IMPOSING A TERM OF SUPERVISED RELEASE, FUNCTIONALLY EQUIVALENT TO PROBATION, FOLLOWING IMPRISONMENT IS A VIOLATION OF THE EIGHTH AMENDMENT'S BAR ON EXCESSIVE PUNISHMENT AND THE FIFTH AMENDMENT'S DOUBLE JEOPARDY CLAUSE. THIS STRUCTURE ALSO VIOLATES THE THIRTEENTH AMENDMENT BECAUSE IT EXTENDS INVOLUNTARY SERVITUDE BEYOND THE COMPLETION OF THE CUSTODIAL SENTENCE WITHOUT FRESH CONVICTION OR JUDICIAL DETERMINATION. WHERE CONGRESS HAS NOT LAWFULLY SANCTIONED THE COMBINATION, AND WHERE THE SENTENCING COMMISSION HAS NOT MANDATED SUCH SENTENCING AS A LEGALLY RECOGNIZED PENALTY, ANY JUDICIAL IMPOSITION OF DUAL SENTENCING CONSTITUTES AN ULTRA VIRES ACT VOID AB INITIO.

THE COURT HAS NO DISCRETION TO WAIVE A CONSTITUTIONALLY GUARANTEED RIGHT, NOR TO SUBSTITUTE LEGISLATIVE OR ADMINISTRATIVE POLICY FOR MANDATORY DUE PROCESS. THE RIGHT TO NOTICE, TO BE PRESENT, TO CONFRONT WITNESSES, AND TO CHALLENGE THE BASIS OF PROBABLE CAUSE IN REAL TIME IS A FUNDAMENTAL RIGHT PROTECTED BY THE FIRST AMENDMENT'S RIGHT TO PETITION, THE FOURTH AMENDMENT'S RIGHT TO BE SECURE, THE FIFTH AMENDMENT'S RIGHT TO DUE PROCESS, AND THE SIXTH AMENDMENT'S RIGHT TO CONFRONTATION. SUPREME COURT PRECEDENT IN GIDEON V. WAINWRIGHT, 372 U.S. 335 (1963) AND COLEMAN V. ALABAMA, 399 U.S. 1 (1970) MANDATE THAT DUE PROCESS CANNOT BE FORSAKEN IN THE NAME OF ADMINISTRATIVE EXPEDIENCY. ANY RULE, POLICY, OR PRACTICE THAT PERMITS THE ISSUANCE OF A WARRANT WITHOUT ADVERSARIAL NOTICE AND PARTICIPATION WHERE FACTUAL BASIS IS IN DISPUTE VIOLATES THE STRUCTURAL FOUNDATION OF THE ADVERSARIAL SYSTEM AND MUST BE DECLARED VOID.

THIS COURT, AS AN ARTICLE III TRIBUNAL UNDER CONSTITUTIONAL MANDATE, POSSESSES NO AUTHORITY TO ENFORCE A VOID STATUTE OR ADMINISTER A PUNISHMENT THAT HAS NOT BEEN LAWFULLY ENACTED BY ACT OF CONGRESS ENTERED INTO THE STATUTES AT LARGE. THE DUTY OF THE COURT IS TO PROVIDE REDRESS WHERE PETITIONED, AND TO DECLARE VOID ANY ACT, RULE, OR PRACTICE THAT EXCEEDS CONSTITUTIONAL BOUNDS. SEE MARBURY V. MADISON, 5 U.S. (1 CRANCH) 137 (1803). MOREOVER, UNDER THE ACT OF JUNE 25, 1948, 62 STAT. 965, AND THE ACT OF JUNE 19, 1934, 48 STAT. 1064, THE COURT IS REQUIRED TO NOTIFY THE SOLICITOR GENERAL OF THE UNITED STATES WHENEVER THE CONSTITUTIONALITY OF A FEDERAL STATUTE IS CHALLENGED. FAILURE TO DO SO CONSTITUTES DERELICTION OF JUDICIAL DUTY AND FORFEITS JURISDICTION. THE PETITIONER HEREIN HAS PERFECTED A VALID CLAIM CHALLENGING VOID PRACTICES, AND IS ENTITLED, AS A

MATTER OF LAW, TO A FULL EVIDENTIARY HEARING ON THE ISSUES RAISED.

**TO THE HONORABLE COURT:**

Comes now the undersigned, challenging the systematic practice of issuing warrants without adversarial hearings.
PETITION FOR DECLARATORY RELIEF
TO STRIKE AS UNCONSTITUTIONAL THE COMBINATION OF INCARCERATION WITH SUPERVISED RELEASE, PROBATION, OR PAROLE FOR THE SAME OFFENSE, IN VIOLATION OF THE CONSTITUTION AND THE EXPRESS LANGUAGE OF STATUTES AT LARGE

COMES NOW THE UNDERSIGNED, AS THE LAWFUL BENEFICIAL OWNER OF THE CRIS ACCOUNT ESTABLISHED FOR THIS MATTER, AND STATES THE FOLLOWING FACTS AND CONCLUSIONS OF LAW, DEMANDING JUDICIAL NOTICE AND RELIEF:

**NEW SECTION**

I. CONSTITUTIONAL JURISDICTION AND MANDATORY NOTICE TO THE UNITED STATES
Pursuant to Act of June 25, 1948, ch. 646, 62 Stat. 965, codified historically under Title 28 (but binding only as Statutes at Large), any challenge to the constitutionality of an Act of Congress requires notice to the Attorney General of the United States.

Pursuant to the Act of June 19, 1934, ch. 653, 48 Stat. 1064, courts shall permit intervention by the United States in any case where the

constitutionality of a federal statute is challenged. This petition directly invokes those Acts.

## II. STATUTORY BASIS PROHIBITING COMBINATION OF INCARCERATION WITH PROBATION OR SUPERVISION

Under the Sentencing Reform Act, as enacted in Pub. L. 98-473, the applicable authority is:

Act of October 12, 1984, ch. II, 98 Stat. 1987, Section 212(a)(1), codifying in part that probation "shall not be imposed if a sentence of imprisonment is also imposed for the same offense."

Statutes at Large Reference: 98 Stat. 1987, 1991

This statutory text is not ambiguous—it uses mandatory language ("shall not") to prohibit any simultaneous or consecutive use of incarceration with probation for the same offense.

## III. SUPERVISED RELEASE IS FUNCTIONALLY PROBATION UNDER ANOTHER NAME

According to the legislative history within 98 Stat. 1987, Congress abolished federal parole, and did not reinstate probation post-incarceration. Instead, a new system labeled "supervised release" was introduced.

However, supervised release imposes identical conditions as traditional probation:

Mandated supervision by a federal officer

Restrictions on liberty

Compelled reporting and compliance

Threat of revocation and re-incarceration

The Supreme Court held in Mont v. United States, 139 S. Ct. 1826 (2019), that supervised release is part of the punishment for the original offense.

Thus, combining imprisonment with supervised release functions as dual sentencing, directly prohibited by the original Congressional enactment.

## IV. VIOLATIONS OF THE UNITED STATES CONSTITUTION

### A. FIRST AMENDMENT VIOLATION

Post-incarceration conditions such as compelled religious program attendance, speech restriction, or assembly limitations imposed under supervised release violate free exercise and expression protections.

### B. FOURTH AMENDMENT VIOLATION

Warrantless searches, seizures, and suspicionless monitoring imposed through supervised release violate the Fourth Amendment's guarantee against unreasonable searches and seizures.

### C. FIFTH AMENDMENT VIOLATION – DOUBLE JEOPARDY

The Fifth Amendment prohibits "multiple punishments for the same offense."

Congress, via 98 Stat. 1987, declared that probation and incarceration are mutually exclusive. Supervised release, as functional probation, combined with incarceration, constitutes double punishment.

## D. EIGHTH AMENDMENT VIOLATION – EXCESSIVE PUNISHMENT

The imposition of a second phase of restraint on liberty after full service of a prison term creates a prolonged punitive sequence. Under Weems v. United States, 217 U.S. 349 (1910), and Solem v. Helm, 463 U.S. 277 (1983), such punishment is cruel, unusual, and constitutionally forbidden.

## E. THIRTEENTH AMENDMENT VIOLATION – INVOLUNTARY SERVITUDE

Compelled labor, supervision, and monitoring after incarceration, with threat of re-incarceration, constitutes involuntary servitude not incident to a new crime or conviction, thereby violating the Thirteenth Amendment.

**NEW SECTION**

## V. DEMAND FOR DECLARATORY JUDGMENT AND EVIDENTIARY HEARING

THE UNDERSIGNED DEMANDS:

DECLARATORY RELIEF that supervised release, probation, or parole imposed after incarceration for the same offense is unconstitutional and void as a matter of law.

AN EVIDENTIARY HEARING pursuant to the procedural due process mandate under the Fifth Amendment, as well as Act of June 25, 1948, 62 Stat.

965, requiring that all substantial constitutional questions be heard and adjudicated with factual findings.

CERTIFICATION TO THE UNITED STATES pursuant to 48 Stat. 1064 and 62 Stat. 965, notifying the Solicitor General and allowing lawful intervention.

## VI. CONCLUSION

THE PRACTICE OF COMBINING INCARCERATION WITH SUPERVISED RELEASE, PROBATION, OR PAROLE IS A CONSTITUTIONAL NULLITY. THE STATUTES AT LARGE, TOGETHER WITH THE SUPREME LAW OF THE LAND — THE CONSTITUTION — FORBID IT.

THE COURT IS WITHOUT LAWFUL AUTHORITY TO ENFORCE A JUDGMENT THAT VIOLATES THESE COMMANDS.

RESPECTFULLY PRESENTED,

*Robert Henry Rivernider, Jr*

With Permission

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Date: July 7, 2025


Robert Henry Rivernider, Pro Se

14 S Bobwhite Road

Wildwood, Florida 34785

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471
2. U.S. Attorney General
   Attn: Pamela Jo Bondi
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001
3. U.S. Department of Justice
   Attn: Harmeet Dhillon
   Civil Rights Division
   950 Pennsylvania Avenue, NW
   Office of the Assistant Attorney General, Main
   Washington, DC 20530-0001
4. U.S. Department Justice
   Office of the Solicitor General
   950 Pennsylvania Ave, NW
   Washington, DC 20530-0001
5. U.S. Department of Justice
   Edward Martin
   Office of the Pardon Attorney
   950 Pennsylvania Ave, NW
   Washington, DC 20530-0001