UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                       Case No. 5:24-cr-138-TPB-PRL

ROBERT H. RIVERNIDER,

    Defendant.
_____/

### ORDER REGARDING SELF-REPRESENTATION AND ROLE AND DUTIES OF STANDBY COUNSEL

On July 9, 2025, the Court held a hearing to address Defendant's representation. (Doc. 29). The Court conducted an in-depth and detailed inquiry to determine whether Defendant wished to and was competent to waive counsel and represent himself. *See Faretta v. California*, 422 U.S. 806 (1975). Defendant confirmed that he would like to proceed *pro se* and did not intend to hire new counsel at this time. The Court thoroughly explained the dangers and disadvantages of self-representation. Based on his responses to the Court's questions, the Court found that Defendant knowingly, voluntarily, and intelligently made the decision to represent himself. The Court then appointed Mr. Joshua Woodard of the Federal Defender's Office as standby counsel.

For clarity, the Court again explains the purpose of standby counsel. Mr. Woodard is not full-fledged counsel, and he will not have any role or bear any responsibility in the course of defense while Defendant is proceeding *pro se*. Mr. Woodard's role is as an advisor – he may answer Defendant's questions and provide

other limited assistance, but he will not participate directly in any hearings or the trial in this case.  Defendant is responsible for making all strategy and tactical decisions, and Defendant alone is responsible for the preparation and presentation of his case.

Mr. Woodard may (1) consult with Defendant before and after court proceedings, and during breaks; (2) sit at counsel's table with Defendant and provide "elbow advice" directly to Defendant during court proceedings; (3) help Defendant adhere to courtroom procedure and protocol; (4) serve as an intermediary between the Government and Defendant; and (5) where necessary, facilitate Defendant's receipt of filings and other communications.

Mr. Woodard may not (1) offer any unsolicited advice or assistance; (2) speak on behalf of Defendant outside of or during courtroom proceedings, except as an intermediary in communications between the Government and Defendant; or (3) file any pleadings, including motions, objections, or requests to charge the jury.

However, Mr. Woodard must attend all hearings, review all discovery, and be prepared to step in as counsel without delay, if necessary.  Should Defendant change his mind at any time and wish to be represented by counsel, including during a jury trial, Mr. Woodard shall be sufficiently prepared to take over the case without the need for a continuance.  Should Defendant change his mind at any time and wish to be represented by counsel, the Court will not be continuing trial dates absent extraordinary circumstances that could not have been anticipated.

If Mr. Woodard or Defendant require further clarity about standby counsel's role in this case, they should file a written motion in advance of trial.  If Defendant wishes to seek aid from standby counsel beyond the permitted functions explained above, Defendant must file a motion informing the Court of the specific function requested and explaining why he cannot perform that function himself.

The Court reiterates and emphasizes that Defendant represents himself in this case without counsel, and he must adhere to all applicable rules and procedures.  It is up to Defendant whether he seeks or heeds the advice of standby counsel.  Standby counsel is limited as set forth to maintain an orderly trial process, protect Defendant's constitutional rights under the Sixth Amendment and *Faretta*, and preserve the dignity and decorum of the court.

**DONE and ORDERED** in Chambers, in Ocala, Florida, this 9th day of July, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

Copies to:
  Defendant Robert Rivernider
  Joshua Woodard, Federal Defender's Office
  William Hamilton, United States Attorney's Office