# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
OCALA

UNITED STATES OF AMERICA

v.

ROBERT HENRY RIVERNIDER, JR.

Case No. 5:24-cr-00138

_____/

## MOTION TO COMPEL PRODUCTION OF ALL RECORDS, DOCUMENTS, AND TRANSCRIPTS RELATED TO ISSUANCE OF WARRANT

COMES NOW the Defendant, ROBERT HENRY RIVERNIDER, JR., appearing pro se, and pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Rules of Criminal Procedure, respectfully moves this Honorable Court to compel the United States Attorney's Office, the U.S. Probation Office, and/or the Clerk of Court to produce all materials related to the issuance of any and all warrants in the above-captioned case. In support of this motion, Defendant states the following:

### I. GROUNDS FOR RELIEF

1. Defendant is currently in custody based on a warrant allegedly issued in relation to supervised release proceedings or other enforcement action in this matter.

2. Upon information and belief, one or more hearings may have occurred—either ex parte or under seal—at which a warrant was requested, considered, or issued.

3. To date, Defendant has not been served with, nor granted access to, the full record of

proceedings, including:

- Applications or affidavits for issuance of warrant;

- Judicial findings or orders supporting probable cause;

- Transcripts or recordings of any related hearings;

- All documents filed under seal relating to the warrant.

4. The issuance of a warrant, especially if based on unverified or unchallenged allegations, affects Defendant's liberty and due process rights and is subject to constitutional scrutiny.

5. Fuentes v. Shevin, 407 U.S. 67 (1972), establishes that ex parte judicial proceedings impacting liberty or property interests violate due process unless extraordinary circumstances are shown.

6. Access to the full record is necessary for Defendant to challenge the validity of the warrant, to prepare for an evidentiary hearing, and to assert legal defenses.

7. Brady v. Maryland, 373 U.S. 83 (1963), requires the government to disclose exculpatory evidence. The requested records may include such material.

8. Due process under the Fifth Amendment and the right to effective assistance of counsel under the Sixth Amendment (even when proceeding pro se) entitle Defendant to full disclosure of all warrant-related proceedings.

## II. RELIEF REQUESTED

1. Directing the government to produce all warrant-related records, including:

- Applications

- Affidavits

- Supporting documents

- Judicial findings or orders

- Audio recordings or written transcripts of hearings

- Docket entries and sealed filings related to any warrant;

2. Ordering that these materials be provided to Defendant without delay, in paper and/or

digital format;

3. Granting such other and further relief as the Court deems just and proper to ensure due

process and protect Defendant's constitutional rights.

Respectfully submitted,

Date: July 14, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 34475

Robert Henry Rivernider, Pro Se

14 S Bobwhite Road

Wildwood, Florida 34785

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300

   Ocala, FL 34471

2. U.S. Attorney General
   Attn: Pamela Jo Bondi

   U.S. Department of Justice

   950 Pennsylvania Avenue, NW

   Washington, DC 20530-0001

3. U.S. Department of Justice
   Attn: Harmeet Dhillon

   Civil Rights Division

   950 Pennsylvania Avenue, NW

   Office of the Assistant Attorney General, Main

   Washington, DC 20530-0001