# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA

UNITED STATES OF AMERICA

v.

ROBERT HENRY RIVERNIDER, JR.

Case No. 5:24-cr-00138

_____/

## EMERGENCY MOTION FOR RELEASE ON BOND PENDING EVIDENTIARY HEARING

### I. INTRODUCTION

Petitioner is currently being held in pre-hearing detention on alleged violations of supervised release. No new crime has been committed, no victims have been identified, and the continued incarceration of the Petitioner violates core constitutional protections, including the right to due process, the right to a fair adversarial proceeding, and the right to be free from excessive detention without necessity.

### II. GROUNDS FOR RELEASE

No New Offense Alleged:

Petitioner has not been charged with or convicted of a new offense. The alleged violations are technical in nature and do not involve danger to the public or risk of flight.

1. Not a Danger or Flight Risk:

Petitioner is not a danger to the community and has strong ties to the jurisdiction. Courts must consider the least restrictive means of ensuring appearance at hearings. See United

1

States v. Salerno, 481 U.S. 739, 755 (1987); Stack v. Boyle, 342 U.S. 1, 4 (1951).

2. Self-Representation Requires Release:

Detaining a self-represented individual in a criminal or quasi-criminal matter, while opposing counsel enjoys full liberty, severely impairs the adversarial nature of the process. See Faretta v. California, 422 U.S. 806 (1975); Bounds v. Smith, 430 U.S. 817, 822 (1977).

3. Constitutional Rights at Issue:

Petitioner has asserted protected constitutional rights and is being detained for exercising them. See United States v. Goodwin, 457 U.S. 368 (1982); North Carolina v. Pearce, 395 U.S. 711 (1969).

4. Unlawful Sentence / Need for Hearing:

Petitioner has raised substantial claims, including constitutional violations and sentencing errors, which require an evidentiary hearing. See United States v. Dickey, Case 3:20-cr-00008, Docs #8 & #10.

5. Presumption of Release:

The U.S. Supreme Court has affirmed that pretrial and pre-adjudication detention should be the exception, not the rule. See United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985); Bell v. Wolfish, 441 U.S. 520, 535 (1979).

III. DETERIORATING HEALTH CONDITION

Petitioner's current incarceration poses an imminent threat to his health and well-being:

1. Petitioner is a survivor of a triple bypass heart surgery performed in 2018. He relies on specific supplements to maintain cardiovascular health, none of which are available or permitted under jail conditions.

2. Petitioner is currently suffering from a fractured arm, which remains in a hard cast. The cast was scheduled to be removed over a week ago, at which time a decision was to be made whether surgery or bone resetting was necessary. Delay in this evaluation is likely to result

in permanent damage, impairment, or disability.

Immediate release is necessary to seek proper medical attention and prevent irreparable harm in violation of Eighth Amendment protections against cruel and unusual punishment.

IV. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully demands this Honorable Court:

1. Grant immediate release on personal recognizance or reasonable bond;

2. Set an expedited evidentiary hearing on all pending constitutional issues;

3. Grant such other relief as is just and proper to prevent further deprivation of liberty in violation of the U.S. Constitution.

Respectfully submitted,

Date: July 14, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 34475

3

Robert Henry Rivernider, Pro Se

14 S Bobwhite Road

Wildwood, Florida 34785

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300

   Ocala, FL 34471

2. U.S. Attorney General
   Attn: Pamela Jo Bondi

   U.S. Department of Justice

   950 Pennsylvania Avenue, NW

   Washington, DC 20530-0001

3. U.S. Department of Justice
   Attn: Harmeet Dhillon

   Civil Rights Division

   950 Pennsylvania Avenue, NW

   Office of the Assistant Attorney General, Main

   Washington, DC 20530-0001