IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.                                                                           5:24-cr-138-TPB-PRL

**ROBERT RIVERNIDER,**
    **Defendant.**
_____/

## ORDER

The defendant, who was convicted of several counts of wire fraud, is now serving a period of supervised release. A petition charged him with violations of that release, including failing to report to probation as instructed. (See Doc. 6). There is a presumption of detention in these circumstances (see Fed. R. Crim. P. 32.1(a)(6) & 18 U.S.C. § 3143(a)(1)), and after a hearing on the issue, he was detained. (See Doc. 20). He is awaiting a final revocation hearing and has filed several motions. He recently asked to represent himself, which was granted (Doc. 31), and orally moved for a bond and the dismissal of the petition, which were both denied by the district judge.

He's now filed another motion for his release, restating that he is not a danger or risk of flight and complaining about the need to have a cast on his arm more timely removed. (Doc. 33)

While the Court will ask the U.S. Marshal service to inquire about his treatment for his arm, the defendant has made no showing that there is a basis to again revisit the issue of his detention pending a resolution of the petition. He cites no legal authority for the reopening of the hearing at this time and offers nothing to overcome the presumption of detention that exists. The Court already found that he failed to establish by clear and convincing evidence

that he is neither a danger or a risk of flight, and the Court also considered his refusal to cooperate with probation in reaching its decision. Accordingly, his motion for release is denied.

Further, the defendant has filed a document-styled motion to compel (Doc. 32), in which he seeks, for example, arrest warrants and judicial findings on probable cause. This motion is also due to be denied as premature. This case is currently proceeding on a petition for violations of supervised release, which he received and was reviewed with him at his initial appearance. There is no probable cause finding because he waived his preliminary hearing. To the extent there are documents he seeks from the record, he can obtain them from prior counsel or request copies from the court, though at a copying fee.

To the extent he seeks documents from the government in preparation of his final revocation hearing, he should request such documents from the government. If documents are withheld that he is legally entitled to, he could then file a motion to compel, stating the documents sought, that they were withheld, and the legal basis for their production.

**IT IS SO ORDERED** in Ocala, Florida, on July 15, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Robert Rivernider

2