
# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### OCALA DIVISION

UNITED STATES

Plaintiff,

    v.                          Case No. 5:24-cr-00138

ROBERT HENRY RIVERNIDER, JR.

Defendant,

---

## RESPONSE TO CIVIL COMPLAINT;

## MOTION FOR EXPEDITED HEARING AND RELEASE ON BOND

## I. SUMMARY OF GROUNDS

Defendant is currently detained in the Marion County Jail under an indefinite civil hold, arising from alleged supervised release violations, despite having:

- committed no new crime;

- completed his term of incarceration;

- presented viable constitutional defenses to the alleged violations.

Defendant asserts that:

- the issuance of a sealed warrant without notice violates his Fourth and Fifth

Amendment rights;

- the enforcement of supervised release conditions post-sentence completion, and the

dual penalty of incarceration and restitution, constitutes a violation of the Double

Jeopardy Clause of the Fifth Amendment;

- the indefinite detention for civil noncompliance—without clear risk to public safety—constitutes excessive punishment in violation of the Eighth Amendment.

## II. NOTICE TO THE COURT

Prior to the hearing on July 9, 2025, Defendant—through federal public defender—proposed full restitution compliance ($500.00) regardless of ability to pay. This offer was ignored. Two witnesses traveled to support Rivernider and assure payment. No acknowledgment was received, furthering the due process injury.

## III. RESPONSE TO CIVIL ALLEGATIONS

The U.S. Probation Office alleged three violations:

1. Failure to report:

On June 12, 2024, Defendant notified PO Padilla via email that he was unable to access the reporting system. (See EXHIBIT 1)

2. Failure to submit financial reports:

Access to the online system was never granted. Padilla ceased follow-up, resulting in procedural default not caused by the Defendant.

3. Failure to pay restitution:

- Defendant relied on the PACER case status indicating closure/termination on November 22, 2024 (See EXHIBIT 2).

- Attorney Robert Frost confirmed this status by responding "Congratulations" on December 13, 2024. (See EXHIBIT 3)

- Defendant subsequently attempted restitution compliance by tendering payment to the IRS, treating the debt as civil.

Additional relevant facts:

- The court has ignored two pending motions (DKT 8 and DKT 10) addressing the sealed warrant and due process violations.

- The sentencing court's restitution order is illegal under Connecticut state law and tainted by undisclosed conflicts and fraudulent prosecutorial conduct (see DKT #10 and EXHIBIT #838).

## IV. MOTION FOR EXPEDITED HEARING

The July 9th hearing was postponed until October 17th, 2025 solely because Defendant chose to self-represent. Such punitive delay violates clearly established law:

"It is impermissible to penalize an individual for asserting a constitutional right." – United States v. Jackson, 390 U.S. 570 (1968)

All parties were present on July 9th. Witnesses had traveled to testify. The delay severely prejudices Defendant, who remains detained in a county facility, without access to legal materials.

## V. MOTION FOR RELEASE ON BOND

Detention is unwarranted where:

- No new criminal charges exist;

- Defendant poses no flight risk or threat to public safety;

- The matter at hand is a civil post-conviction compliance dispute.

The Supreme Court has made clear:

"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." – United States v. Salerno, 481 U.S. 739 (1987)

Furthermore:

"Pretrial detention without access to necessary legal tools violates the right to meaningfully prepare one's defense." – Bounds v. Smith, 430 U.S. 817 (1977)

This court's continued civil detention of Rivernider—absent compelling findings of risk—violates constitutional fairness and due process.

## VI. SUPPORTING AUTHORITIES

1. United States v. Salerno, 481 U.S. 739 (1987) – Due process requires that civil detention only be imposed to prevent a danger to the community or flight risk, not to punish.

2. Blockburger v. United States, 284 U.S. 299 (1932) – Double jeopardy is violated when two punishments are imposed for the same conduct under the same statutory scheme.

3. Fuentes v. Shevin, 407 U.S. 67 (1972) – Due process is violated when property or liberty is deprived without notice and an opportunity to be heard; ex parte warrants and seizures are unlawful outside of emergency circumstances.

## VII. CONCLUSION

WHEREFORE, Defendant respectfully requests this Honorable Court:

1. GRANT an expedited hearing on the constitutional and procedural violations outlined;

2. ORDER Defendant's immediate release on bond pending resolution of this matter;

3. ENJOIN any further civil detention until this Court has reviewed the legality of the underlying supervised release and warrant;

4. GRANT such other relief deemed just and proper.


Respectfully submitted,

Date: July 21, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 34475

Robert Henry Rivernider, Pro Se

14 S Bobwhite Road

Wildwood, Florida 34785

# CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a true and correct copy of the foregoing has been

furnished by U.S. Mail to the following this 21st day of July, 2025:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300

   Ocala, FL 34471

2. U.S. Attorney General
   Attn: Pamela Jo Bondi

   U.S. Department of Justice

   950 Pennsylvania Avenue, NW

   Washington, DC 20530-0001

3. U.S. Department of Justice
   Attn: Harmeet Dhillon

   Civil Rights Division

   950 Pennsylvania Avenue, NW

   Office of the Assistant Attorney General, Main

   Washington, DC 20530-0001

4. Federal Bureau of Investigation Headquarters
   Attn: Kash Patel

   935 Pennsylvania Ave NW

   Washington, DC 20535-0001

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission