IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.                                                                                    5:24-cr-138-TPB-PRL

**ROBERT RIVERNIDER,**
    Defendant.
_____/

### ORDER

Defendant, proceeding *pro se*, was seen on a petition for violations of his supervised release. He now seeks transcripts of that initial hearing held on June 25, 2025,[1] and a hearing before the district judge held on July 9, 2025 where he sought to represent himself.[2] He claims they are for purposes of preparing a second 28 U.S.C. § 2255 motion. (Doc. 36).

Given his current posture – awaiting a final revocation hearing – it is unclear what benefit those transcripts would have for his stated purpose. Thus, the court can discern no basis for authorizing the transcripts under 18 U.S.C. § 3006A(e). And because no pending 2255 proceeding is identified, Rule 6(a) of the Rules Governing Section 2255 Proceedings, and 28 U.S.C. § 2250 are inapplicable. *See United States v. Adamson*, 681 F. App'x 824, 827 (11th Cir. 2017); *United States v. Warmus*, 151 F. App'x 783, 787 (11th Cir. 2005).

While there is no basis for the court to order the production of the transcripts at the government's expense for the Defendant, he can request copies of the transcripts from the Clerk of Court. The Clerk of the Court or Court Reporter, upon such a request, can in turn provide the Defendant with the cost of obtaining those transcripts.

---

[1] Initial Appearance on Violation of Supervised Release. (Doc. 17)
[2] Faretta Hearing. (Doc. 29)

Defendant's motion is denied.

**IT IS SO ORDERED** in Ocala, Florida, on July 30, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Robert Rivernider