# IN THE UNITED STATES DISTRICT COURT

**MIDDLE DISTRICT OF FLORIDA**

**OCALA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT HENRY RIVERNIDER JR,

    Defendant.

Case No.: 5:24-cr-00138

_____/

FILED - USDC - FLMD - OCA
AUG 7 2025 AM11:17

## MOTION FOR HOME CONFINEMENT DUE TO SIXTH AMENDMENT VIOLATION

COMES NOW, Robert H. Rivernider, attorney-in-fact for ROBERT HENRY RIVERNIDER JR, (herein after "RHR"), and moves this Honorable Court to place him on home confinement in order to prepare for trial. RHR, who is self-represented, is currently confined at Marion County Jail without access to a working law library, typewriter, or legal materials necessary to provide effective assistance of counsel.

Allegations before the Court, submitted without prior notice as required, claim that RHR failed to report to the probation officer, failed to provide financial information, and failed to pay restitution. These claims assume a legal obligation to report existed; if such a

1

requirement was void; no violation could occur. RHR submitted a Declaration for Relief (Dkt. 26) on July 8, 2025, citing legislative history demonstrating that dual sentencing is unconstitutional. RHR filed two motions in February 2025, which were served and unanswered.

RHR must now prepare to prove that the original sentence was invalid. Supporting evidence was submitted in Dkt. 838 in the original Connecticut case. RHR, a trained criminal defense investigator, has conducted a 15-year legal investigation and compiled evidence to show:

1. COUNTS 1–9:

    a) So-called "investments" were illegal usurious loans.

    b) Restitution amounts were grossly inflated to increase sentencing guidelines.

    c) Attempts to collect restitution violate Connecticut law (see Dkt. 10, p. 13).

2. COUNTS 10–18:

    a) Mortgage lenders did not suffer the losses claimed.

    b) Victim counts were inflated with downstream purchasers.

    c) Restitution was fraudulently awarded to wrong parties.

    d) Government's main witness committed perjury, acknowledged by the Court at sentencing.

These alone render the sentence invalid. See:

- United States v. Tran, 322 F.3d 798 (2d Cir. 2003)

- United States v. Zayas, 959 F.2d 83 (2d Cir. 1992)

- United States v. Patti, 337 F.3d 1317 (11th Cir. 2003)

- United States v. Velasquez, 524 F.3d 1248 (11th Cir. 2008)

HOME CONFINEMENT REQUEST

RHR served 34.5 months on home confinement from March 14, 2011, to January 29, 2014, under electronic monitoring and curfew without incident. RHR has already served approximately 90 months of the 60-month term of supervised release imposed.

The alleged conduct occurred in 2006–2007. For the past 18 years, RHR has not committed any similar acts, has never posed a threat to the public, and voluntarily self-surrendered for his prior sentence. He is not a danger or flight risk. Given that the guideline range for any civil violation is 3–9 months and RHR has already served 6 weeks in county jail, continued detention is unreasonable.

RHR agrees to full compliance with home confinement conditions, including GPS monitoring, in order to prepare and present evidence invalidating the sentence.

ADDITIONAL REASON FOR HOME CONFINEMENT

RHR is experiencing serious medical issues that are exacerbated by the inhumane conditions at Marion County Jail. He is suffering from lack of oxygen, dizziness, brain fog, and dehydration due to the facility's failure to provide air conditioning for several weeks and failure to provide clean, cold drinking water. RHR has a history of heart problems and is currently recovering from a broken arm. These circumstances present an urgent medical need for home confinement to prevent further deterioration of his health.

NOTICE TO THE COURT

RHR's 4th and 5th Amendment rights were violated by the issuance of the warrant. He is being unlawfully detained at Marion County Jail, which lacks adequate air conditioning and provides contaminated drinking water. RHR has completed the criminal sentence imposed, and his continued detention violates the Eighth Amendment.

CONCLUSION

RHR respectfully moves for immediate placement on home confinement to preserve his Sixth Amendment right to effective representation and end ongoing violations of the Fourth, Fifth, and Eighth Amendments.

Respectfully submitted,

Date: August 4, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1.  U.S. Attorney's Office

    35 S.E. 1st Avenue, Suite 300

    Ocala, FL 34471

2.  U.S. Attorney General

    Attn: Pamela Jo Bondi

    U.S. Department of Justice

    950 Pennsylvania Avenue, NW

    Washington, DC 20530-0001

3.  U.S. Department of Justice

    Attn: Harmeet Dhillon

    Civil Rights Division

    950 Pennsylvania Avenue, NW

    Office of the Assistant Attorney General, Main

    Washington, DC 20530-0001

4.  Federal Bureau of Investigations Headquarters

    Attn: Director Kash Patel

    935 Pennsylvania Avenue, NW

    Washington, DC 20535-0001

5.  U.S. Department of Justice

Attn: Leo Terrell

Civil Rights Division

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

6. U.S. Dept of Homeland Security

Attn: Kristi Noem

2801 Nebraska Avenue NW

Washington, DC 20528

Date: August 4, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission