UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:24-cr-138-TPB-PRL

ROBERT RIVERNIDER

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS (Doc. 25, 26, 40)

On July 8, 2025, defendant Robert Rivernider filed two *pro se* motions. The first requested that the Court dismiss his appointed counsel and that he be authorized to serve as his own attorney. Doc. 25. The second motion claimed that sentences that contain both a term of incarceration and a term of supervised release are unconstitutional and further claimed that the warrant issued for his arrest for the violation of his supervised release is invalid because it was issued *ex parte*. Doc. 26.

On July 31, 2025, Rivernider caused to be filed through the Clerk of Court a third motion, entitled "Motion and Notice of Rescission of Waiver of Preliminary Hearing." Doc. 40. In this motion, Rivernider moves the Court for a preliminary hearing on the pending supervised release petition. *Id.* Rivernider concedes in the motion that he waived his preliminary hearing at his initial appearance before the U.S. Magistrate Judge but now claims that he should be permitted to withdraw the waiver, asserting that it was not "knowing, voluntary, or intelligent." *Id.* at 2.

The Court directed the United States to respond in writing to these three motions on or before August 15, 2025. Doc. 42.

For the reasons stated below, the United States opposes Rivernider's motions for declaratory relief (Doc. 26) and for a preliminary hearing notwithstanding his earlier waiver (Doc. 40). Because the Court has already granted Rivernider's motion to represent himself (albeit not on the grounds Rivernider asserted), the United States submits that Rivernider's motion to represent himself and dismiss his counsel should be denied as moot. Doc. 17, 25.

As detailed further below, the defendant's arguments are meritless. Supervised release sentences under 18 U.S.C. § 3583 have been consistently upheld as constitutional, including when they are a component of a sentence that also includes incarceration. Further, the Fourth Amendment does not require that adversarial hearings are required prior to the issuance of an arrest warrant. The arrestee has an opportunity to contest whether the arrest warrant was supported by probable cause at his preliminary hearing—a right which Rivernider was afforded but which he waived after consultation with his attorney. Finally, Rivernider should not be permitted to withdraw his waiver of his preliminary hearing, as he has provided no information to show that it was not knowing and voluntary.

## MEMORANDUM OF LAW AND ARGUMENT

### A. Constitutionality of Supervised Release

Supervised release has been consistently upheld in both the Supreme Court and in the Eleventh Circuit. *See Esteras v. United States*, 145 S. Ct. 2031, 2036 (2025) ("A criminal sentence may include both time in prison and a term of supervised

release."); *Andrews v. Warden,* 958 F.3d 1072, 1080 (11th Cir. 2020) ("a sentence can have multiple components, including imprisonment, supervised release, and fines.").

Rivernider claims that "Supervised release, as functional probation, combined with incarceration, constitutes double punishment" and violates the Fifth Amendment's prohibition against double jeopardy.  Doc. 26 at 9.  However, supervised release, or sanctions for the revocation of supervised release, do not constitute a separate or second punishment and do not constitute double jeopardy. *U.S. v. Woods*, 127 F.3d 990 at 992-993 (11th Cir. 1997).  As the Supreme Court has stated, "treating post-revocation sanctions as part of the penalty for the initial offense … avoids [double jeopardy] difficulties."  *Johnson v. U.S.*, 529 U.S. 694 at 700 (2000).

His argument that all supervised release constitutes "cruel and unusual punishment" in violation of the Eighth Amendment is similarly groundless.  On Eighth Amendment challenges, reviewing courts must make a threshold determination that a sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must consider whether the sentence is consistent with those imposed for similar offenses in the same and other jurisdictions.  *U.S. v. Reynolds,* 215 F.3d 1210 at 1214 (11th Cir. 2000).  "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."  *U.S. v. Delacruz-Soto*, 414 F.3d 1158 at 1168 (10th Cir. 2005).  Rivernider's five-year term of supervised release is plainly not grossly disproportionate, because he orchestrated a massive Ponzi scheme that

3

defrauded victims of more than $26 million, and because his outstanding restitution obligations still exceed $22 million.

His argument that supervised release constitutes "involuntary servitude" under the Thirteenth Amendment is likewise frivolous. *See U.S. v. Focia*, 856 Fed.Appx. 830 at 835 (11th Cir. 2021) (holding that supervised release is not "comparable to involuntary servitude" or "more onerous than prison."). His claims that "compelled religious program attendance, speech restriction, or assembly limitations" imposed under supervised release violate the First Amendment are irrelevant—his supervised release does not include any of these conditions.

### B. Constitutionality of the Arrest Warrant

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation…" U.S. Const. Amend. IV. The affidavit must provide particular information describing the basis to believe that the defendant committed the alleged offense and may not be merely conclusory. *Franks v. Delaware*, 438 U.S. 154 (1978). A "formal affidavit" is not necessary, as a judicial officer may consider both sworn oral testimony and other extrinsic evidence to undertake a probable cause assessment. *Wallace v. Smith*, 297 F.Appx. 915 (11th Cir. 2008). Neither the Fourth Amendment nor any relevant case law describe any requirement for an adversarial hearing precedent to this probable cause determination, and Rivernider does not cite any authority in support of his argument.

Here, the petition for revocation formed the evidentiary basis for the judicial determination that probable cause existed for the issuance of an arrest warrant for violation of supervised release.  Doc. 6 at 1-2.  The affidavit describes the alleged violations, is signed by a U.S Probation officer under penalty of perjury, and bears the signature of the District Court judge who made the probable cause determination.  *Id.* at 2-3.  The attached memorandum provides a detailed description of the defendant's conduct supporting the finding of probable cause and is signed by both the supervising probation officer and the U.S. Probation Ocala Division chief.  *Id.* at 5-9.

### C. **Rivernider's Waiver of Preliminary Hearing**

Federal Rule of Criminal Procedure 32.1 (governing revocation of probation and supervised release) provides that "if a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.  The person may waive the hearing."  FRCRP 32.1(b)(1)(A).

Rivernider was arrested on his petition for revocation and was seen by the U.S. Magistrate Judge on June 25, 2025.  Doc. 17.  Although no transcript has yet been prepared, the minutes clearly show that Rivernider was provided a copy of the petition lodged against him and advised of his rights, the alleged violations of his supervised release, and the potential penalties.  *Id.*  The defendant moved orally to have counsel appointed on his behalf, and the Federal Defender was appointed to

represent him. The defendant, after conferring with his attorney, waived his right to a preliminary hearing in writing. Doc. 17, 19.

Rivernider claims that his counsel was overwhelmed by "the suddenness of the proceedings and lack of prior notice" and was "unfamiliar with the facts and history of the case" in advising him to waive his preliminary hearing. Doc. 40 at 2. This allegation is absurd—his appointed counsel is a veteran criminal attorney with many years of relevant experience, and the circumstances and prior notice of the allegations against Rivernider are typical of revocation proceedings. Despite his claim that his defense counsel was confused or overwhelmed into recommending a preliminary hearing waiver, he nevertheless asserted his right to contest his detention, and the detention hearing was held immediately. Doc. 17. Rivernider does not point to any fact to suggest that his waiver of his preliminary was anything other than knowing, intelligent, and undertaken on the advice of a competent attorney who had been appointed to represent him at his own request.

## CONCLUSION

The defendant's grounds for relief are unsupported. First, supervised release itself is not unconstitutional. Second, probable cause for his warrant was found by an unbiased judicial officer and was supported by written testimony given under oath, and the defendant is not entitled to a preliminary hearing before the issuance of the warrant. Finally, when the defendant received the opportunity to exercise his right to a preliminary hearing (immediately after his arrest), he knowingly and intelligently waived his right, and should not be permitted to withdraw that waiver,

as he has not shown good cause. His motion to represent himself should be dismissed as moot because he has already been permitted to represent himself.

        Respectfully submitted,

        GREGORY W. KEHOE
        United States Attorney


By:   */s/ William S. Hamilton*
      WILLIAM S. HAMILTON
      Assistant United States Attorney
      Florida Bar No. 95045
      35 SE 1st Avenue, Suite 300
      Ocala, Florida 34471
      Telephone: (352) 547-3600
      Facsimile: (352) 547-3623
      E-mail: william.s.hamilton@usdoj.gov

U.S. v. Robert Rivernider                Case No. 5:24-cr-138-TPB-PRL

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Joshua Woodard (standby counsel)

I hereby certify that on August 15, 2025, a copy of the foregoing was sent by U.S. Mail to the following:

Robert Rivernider, defendant *pro se*
Marion County Jail
3290 NW 10th St.
Ocala, FL 34475

By:   /s/ William S. Hamilton
      William S. Hamilton
      Assistant United States Attorney
      Florida Bar No. 95045
      35 SE 1st Avenue, Suite 300
      Ocala, Florida 34471
      Telephone:  (352) 547-3600
      Facsimile:  (352) 547-3623
      E-mail: william.s.hamilton@usdoj.gov