UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 5:24-CR-00138

ROBERT HENRY RIVERNIDER, JR,

    Defendant.

---

APPEAL TO DISTRICT COURT: DENIAL OF RELEASE / HOME CONFINEMENT

COMES NOW, the Defendant, appealing to the District Court from the Magistrate Judge's denial of release and home confinement, stating that the Defendant has not shown clear and convincing evidence he is neither a danger to the community or a flight risk. This Defendant, in fifteen years of this case, has never been considered either.

The Constitution and the Bill of Rights are clear: no one shall be held for a crime without due process of law. Defendant is being held for allegedly violating the conditions of supervised release after completing a full sentence of incarceration, which is unconstitutional. See Docket 26. The violations alleged are technical, Class C violations based on the Sentencing Commission's policy manual, which has not been approved by Congress.

1

The Supreme Court precedent in Bell v. Wolfish, 441 U.S. 520, 535 (1979), states: "that pretrial and pre-adjudication detention should be the exception, not the rule." In United States v. Salerno, 481 U.S. 739 (1987), "in our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."

First, this Defendant is self-represented and has informed the court through Docket Number 10, etc., that he intends to prove that the sentence for which he allegedly violated is invalid, and therefore he could not be held to have violated an invalid order. The Defendant needs access to the 12 years of investigative materials to make this showing. "Pre-trial detention without access to necessary legal tools violates the right to meaningfully prepare one's defense." Bounds v. Smith, 430 U.S. 817 (1977). The Court's continued civil detention of the Defendant—absent compelling findings of risk—violates constitutional fairness to process a Defendant's Sixth Amendment right to self-represent and have effective assistance of counsel.

Second, Defendant, a trained criminal defense investigator, will show clear and convincing evidence the sentence is invalid and must be vacated in the interest of justice. In Dockets 8 and 26, Defendant lays out the constitutional and legislative history and clearly shows supervised release after incarceration violates the Constitution. Defendant requested an evidentiary hearing in February 2025. In Docket 10, Defendant shows the sentence is invalid due to the numerous issues related to the process and the order by the sentencing court. Defendant must be permitted to show the sentence which he is being held in jail for and allegedly violated is invalid.

Third, the unconstitutional warrant was issued by the court in January 2025. Instead of

fleeing, Defendant attempted to learn who issued the warrant. On several occasions, he personally walked into the U.S. Federal Courthouse to hand-deliver motions to this Court, had counsel inquire into the warrant with the United States Probation Officer—who ignored the inquiry—and contacted incoming Secretary of the Department of Homeland Security, Kristi Noem, to ask why the U.S. Marshals had a warrant for Defendant's arrest. It appears this Court and the U.S. Probation Office desired a dangerous, aggressive execution of the warrant as opposed to holding a hearing allowing Defendant to address the allegations as required by the Fourth and Fifth Amendments. As the Supreme Court stated in Fuentes v. Shevin, 407 U.S. 67 (1972), due process is violated when property or liberty is deprived without notice and an opportunity to be heard. Ex parte warrants and seizures are unlawful outside of emergency circumstances. Defendant lived in the same house for four years; the United States Probation Officer visited just two months before the warrant was issued. If there was an emergency, why did it take five months for the warrant to be executed? Defendant is well aware that post-9/11, with the Patriot Act, we live in a surveillance state and there is no place on planet Earth (and soon the Moon and Mars) that is out of the reach of the federal government. The government has Defendant's DNA, fingerprints, facial recognition, voice ID, and who knows what else. Flight risk today is an absurdity.

Fourth, Defendant prides himself on being the most visible and vocal Trump supporter in The Villages of Florida. Defendant was an active board member of two political organizations, host of a podcast and a blog with over 50,000 subscribers in Central Florida. He has moderated debates and candidate forums for national and state elections, organized political events like the official launch of Kash Patel (now FBI Director) and his bestseller "Government Gangsters" in The Villages in September 2023. He is responsible for bringing in Real America's Voice, a political news network, to The Villages to broadcast live shows and made numerous appearances on TV to discuss politics, The Villages, and to promote upcoming events. In fact, just days before Rivernider was arrested based on an

unconstitutional warrant, Defendant organized, promoted, and publicly live-streamed the 750-golf cart rally through The Villages to celebrate Flag Day and President Trump's birthday. That was followed by a birthday celebration for President Trump at a local restaurant that was packed with patriots. Defendant shudders to think what could have happened had the unconstitutional warrant been executed at that event to embarrass the President on his birthday.

Since being released from federal prison, Defendant worked as a field organizer for the Trump campaign and the Republican Party, worked on the National Republican Senatorial Campaign Committees, volunteered for congressional candidates, recruited candidates to run for political office, worked as a legislative representative educating the public on bills, and encouraged participation in getting national and state legislation passed and Trump-appointed judge is confirmed.

Fifth, Defendant was sentenced to 144 months in Federal prison and was permitted to self-surrender to Federal prison. Defendant voluntarily self-surrendered on time. According to policy statement in the sentencing commission guidelines Which this court will rely on dispute not having congressional approval, the sentencing range for this violation is 3 – 9 months. This is hardly the profile of a danger to the community or a flight risk.

In conclusion, Defendant has demonstrated through his post-incarceration life that he has fully integrated and been a positive asset to the community. Defendant is anxious to present evidence that will require the sentence to be vacated; he must be permitted access to the evidence to properly prepare for the hearing. Defendant will agree to whatever conditions this Court deems necessary.

Respectfully submitted,

Date: August 14, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

CERTIFICATE OF SERVICE

I, Robert H. Rivernider Jr, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471

2. U.S. Department of Justice
   Attn: Harmeet Dhillon
   Civil Rights Division
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

3. Federal Bureau of Investigations Headquarters
   Attn: Director Kash Patel
   935 Pennsylvania Avenue, NW
   Washington, DC 20535-0001

Date: August 14, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission