UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.   Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,

Defendant.

EMERGENCY MOTION TO COMPEL RESPONSE TO DEFENDANT'S REQUEST FOR HOME CONFINEMENT

COMES NOW, the Defendant, Robert Henry Rivernider, Jr., pro se, and respectfully moves this Court on an emergency basis to compel a response to his request for placement on home confinement pending the October 17, 2025 hearing, and states as follows:

BACKGROUND

1. On July 9, 2025, this Court scheduled a hearing date of October 17, 2025, more than three months later, presumably to afford Defendant, who is self-represented, an opportunity to prepare.

2. The Government had more than five months to prepare its case prior to that hearing. The delay was not intended to punish Defendant for electing to proceed pro se, as such punishment would be improper.

3. Defendant is presently detained in Marion County Jail, where he lacks meaningful access to the necessary legal resources, documents, and witnesses required to prepare for a complicated, fact-based, document-heavy hearing concerning events and proceedings that occurred more than twelve years ago.

4. Defendant must be permitted to review documents, transcripts, financial records, and other materials in order to demonstrate that the underlying sentence was invalid. If the sentence was invalid, Defendant could not have violated an invalid order.

ARGUMENT

5. Defendant's preparation requires:

  - Review of trial transcripts and documentary evidence,

  - Preparation and subpoena of witnesses,

  - Research regarding inflated loss amounts, inflated victim counts, and erroneous restitution orders issued to lenders who made usurious loans.

2

6. Failure to provide Defendant the ability to adequately prepare his defense while detained deprives him of his Sixth Amendment rights to self-representation and effective assistance of counsel.

7. Under 18 U.S.C. § 3142(c)(1)(B), this Court is required to impose the least restrictive condition or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community. Defendant's request for release to home confinement with electronic monitoring falls squarely within the statute, and satisfies the factors outlined in § 3142(g), including Defendant's personal history, community ties, and the non-violent, technical nature of the alleged violation.

8. Defendant's proposal balances the Government's interest in supervision with the constitutional requirement that a self-represented defendant be given adequate opportunity to prepare a defense.

9. Courts have recognized that pretrial or pre-hearing detention that prevents meaningful preparation of defense violates Bounds v. Smith, 430 U.S. 817 (1977), as well as due process protections under the Fifth and Sixth Amendments.

RELIEF REQUESTED

WHEREFORE, Defendant respectfully moves this Court to:

1. Compel the Government to respond immediately to Defendant's request for home confinement;

2. Grant Defendant's release to home confinement with electronic monitoring and other conditions deemed appropriate, pending the October 17, 2025 hearing;

3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: August 26, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447


CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

    1. U.S. Attorney's Office
       35 S.E. 1st Avenue, Suite 300

       Ocala, FL 34471

Date: August 26, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission