UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA – OCALA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.  Case No. 5:24-cr-00138

ROBERT HENRY RIVERNIDER, JR.,

Defendant.

MOTION TO APPEAR IN CIVILIAN CLOTHING AND WITHOUT RESTRAINTS

COMES NOW the Defendant, Robert Henry Rivernider, Jr., pro se, and respectfully moves this Honorable Court for an order permitting him to appear at all court proceedings in civilian attire and without shackles, handcuffs, or visible restraints, unless the Court makes a specific, individualized finding of necessity. In support, Defendant states as follows:

I. Civilian Attire

1. The Supreme Court has long held that compelling a defendant to appear before a jury in prison clothing violates the Due Process Clause of the Fourteenth Amendment. Estelle v. Williams, 425 U.S. 501, 504–05 (1976).

2. Civilian attire is necessary to preserve the presumption of innocence and to prevent unfair prejudice.

1

## II. Shackles and Visible Restraints

3. The Supreme Court has held that the routine use of visible shackles during trial is unconstitutional unless justified by an essential state interest specific to the defendant. Deck v. Missouri, 544 U.S. 622, 629 (2005).

4. Shackling undermines the dignity of the proceedings, impairs the defendant's ability to consult with counsel, and creates an unacceptable risk of prejudice. Id. at 630–32.

5. Courts are required to make case-specific findings on the record before imposing physical restraints. Illinois v. Allen, 397 U.S. 337, 343–44 (1970).

## III. Additional Prejudice to Pro Se Defendant

6. As a self-represented defendant, Mr. Rivernider must move freely in the courtroom to handle papers, address the Court, and effectively exercise his Sixth Amendment right to self-representation. Shackling would unduly hinder his ability to defend himself and violate Faretta v. California, 422 U.S. 806 (1975).

## IV. Relief Requested

WHEREFORE, Defendant respectfully requests that this Court enter an Order:

1. Permitting the Defendant to appear in civilian attire at all court proceedings; and

2. Directing that the Defendant shall not be subjected to visible shackles, chains, handcuffs, or other restraints, unless the Court makes specific findings on the record of necessity based on security or flight risk considerations.

Respectfully submitted,

Date: August 18, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

CERTIFICATE OF SERVICE

I, Robert H. Rivernider Jr, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471

2. U.S. Department of Justice
   Attn: Harmeet Dhillon
   Civil Rights Division
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

3. Federal Bureau of Investigations Headquarters
   Attn: Director Kash Patel
   935 Pennsylvania Avenue, NW
   Washington, DC 20535-0001

4. Solicitor General's Office
   U.S. Department of Justice

      Attn: D. John Sauer
      950 Pennsylvania Ave, NW
      Washington, DC 20530-0001

5. Office of the Deputy Attorney General
   U.S. Department of Justice
   Attn: Todd Blanche
   950 Pennsylvania Ave, NW
   Washington, DC 20530-0001

Date: August 18, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission