UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                              Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,

Defendant.

DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S

MOTIONS (Docs. 25, 26, 40)

COMES NOW the Defendant, Robert Henry Rivernider, Jr., pro se, and respectfully replies to the Government's August 15, 2025 Response (Doc. 52), and states as follows:

I. SUPERVISED RELEASE IS CONSTITUTIONALLY DEFECTIVE

The Government's reliance on Esteras v. United States, 145 S. Ct. 2031 (2025), is misplaced. Esteras addressed statutory interpretation, not the underlying constitutional validity of supervised release imposed after full service of a custodial sentence.

The Fifth Amendment's Double Jeopardy Clause prohibits multiple punishments for the

1

same offense. Supervised release, when imposed after incarceration, constitutes an additional punishment rather than a mere "component" of the original sentence.

The Government dismisses Defendant's reliance on United States v. Halper, 490 U.S. 435 (1989), as misleading. Defendant acknowledges that Hudson v. United States, 522 U.S. 93 (1997), refined the double jeopardy analysis for civil penalties, but the core principle of Halper remains intact: the Constitution prohibits the imposition of multiple punishments for the same offense.

Unlike the civil sanctions at issue in Hudson, supervised release has been explicitly recognized as criminal punishment. In Mont v. United States, 139 S. Ct. 1826, 1834 (2019), the Supreme Court held that "Supervised release punishments arise from and are treated as part of the penalty for the initial offense." Similarly, in United States v. Granderson, 511 U.S. 39 (1994), the Court narrowly construed revocation provisions to avoid excessive or unjust penalties.

Thus, the Government's attempt to dismiss Halper is unavailing. The principle that multiple punishments for the same offense are unconstitutional applies with full force here, where Defendant is subjected first to imprisonment, then to a second deprivation of liberty under supervised release.

Additionally, the Thirteenth Amendment's prohibition on involuntary servitude applies. Supervised release imposes compelled labor or services under threat of penal sanction

through mandatory reporting, employment directives, and restitution obligations. See Bailey v. Alabama, 219 U.S. 219 (1911).

## II. ARREST WARRANT ISSUED IN VIOLATION OF DUE PROCESS

The Government asserts that no adversarial process is required prior to the issuance of a warrant. This ignores Fuentes v. Shevin, 407 U.S. 67 (1972), which establishes that ex parte procedures depriving a person of liberty or property require extraordinary circumstances to justify postponement of a hearing. No such circumstances existed here.

Rule 32.1 does not supersede constitutional guarantees. A warrant issued solely on conclusory probation officer allegations, without sworn testimony subject to confrontation, fails the Fourth Amendment requirement of probable cause and the Fifth Amendment guarantee of due process.

## III. WAIVER OF PRELIMINARY HEARING NOT KNOWING OR VOLUNTARY

The Government concedes that no transcript exists to demonstrate the alleged knowing and voluntary waiver of Defendant's preliminary hearing. Without such a record, the presumption must favor protection of constitutional rights.

The circumstances—sudden initiation of proceedings, lack of prior notice, and the presence of newly appointed counsel unfamiliar with the case—demonstrate duress and inadequate opportunity to prepare. Such conditions render the waiver invalid. See Brookhart v. Janis, 384 U.S. 1 (1966).

## IV. RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Declare 18 U.S.C. § 3583 unconstitutional as applied, vacate the supervised release term, and dismiss the petition for revocation.

2. Declare the arrest warrant invalid and dismiss all proceedings initiated thereunder.

3. Permit Defendant to withdraw his waiver of preliminary hearing and order a full adversarial probable cause hearing.

4. Grant such other relief as justice may require.

## CERTIFICATE OF SERVICE

I, Robert H. Rivernider Jr, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471

2. U.S. Department of Justice
   Attn: Harmeet Dhillon
   Civil Rights Division
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

3. Federal Bureau of Investigations Headquarters
   Attn: Director Kash Patel
   935 Pennsylvania Avenue, NW
   Washington, DC 20535-0001

4. Solicitor General's Office
   U.S. Department of Justice
   Attn: D. John Sauer
   950 Pennsylvania Ave, NW
   Washington, DC 20530-0001

5. Office of the Deputy Attorney General
   U.S. Department of Justice

Attn: Todd Blanche
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

Date: August 18, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission