UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,
  Plaintiff,

v.                                                          Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,
  Defendant.

DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE AND CORRECT THE RECORD

COMES NOW the Defendant, Robert Henry Rivernider, Jr., pro se, and respectfully moves this Honorable Court, pursuant to Fed. R. Evid. 201, the Fifth and Eighth Amendments, and the Court's inherent supervisory powers, to take judicial notice of facts misstated by the Government in Docket 52, page 3, and to correct the record to prevent further fraud on the Court.

I. INTRODUCTION

The Government, in Docket 52 at page 3, repeats the false claim that Defendant 'orchestrated a massive Ponzi scheme.' This misrepresentation constitutes fraud on the Court, because the record demonstrates otherwise: Counts 1–9 involved lenders charging usurious interest rates, now mislabeled as 'victims.' Defendant lost everything in the 2008 financial collapse—a collapse so severe that the Government itself sued major mortgage lenders and investment banks for their role in causing it.

Defendant previously demanded an evidentiary hearing in Dkts. 8 and 10 to present these issues. Instead, the Government inflated loss amounts, mischaracterized lenders as

1

victims, and relied on misinformation to secure an incorrect sentencing range. A sentence based on an incorrect range is constitutionally invalid. Molina-Martinez v. United States, 578 U.S. 189 (2016).

## II. FACTUAL BACKGROUND

1. 2008 Market Collapse: The Defendant could not have predicted the collapse of the U.S. housing and mortgage markets in 2008. The Government itself later sued major mortgage lenders and banks for their role in the collapse, confirming that systemic misconduct, not Defendant's intent, caused widespread losses.

2. Counts 1–9 Involved Usurious Lending: The individuals in Counts 1–9 acted as lenders charging unlawful interest rates, not passive victims. Labeling them 'victims' is factually inaccurate.

3. The Praise Theft and Defendant's Assistance: Defendant invested $1 million through a Virginia company. That money was stolen by David Praise, later convicted in the Central District of California of stealing $12.2 million. Defendant actively assisted law enforcement in Praise's conviction. Praise received only 41 months in prison, deportation, and no restitution, while Defendant — a victim and cooperating party — received vastly greater punishment.

4. Meth Wold Repayment: In late 2006, Defendant invested $413,000 into Meth Wold. When the funds were returned in March 2008, Defendant immediately distributed those funds to lenders, demonstrating repayment and lack of fraudulent intent.

5. Additional Repayments: Between September 2007 and March 2008, Defendant made over $1 million in repayments from a secondary bank account. The Government omitted these payments, thereby inflating loss amounts and victim counts to increase the sentencing guideline range.

6. Demand for Evidentiary Hearing: In Dkts. 8 and 10, Defendant demanded an evidentiary hearing to present these issues. The denial of such a hearing perpetuates reliance on false information.

## III. ARGUMENT

### A. Sentences Based on Incorrect Information Are Invalid

The Supreme Court has consistently held that sentences based on false or inaccurate information violate due process:

- Townsend v. Burke, 334 U.S. 736, 741 (1948).
- United States v. Tucker, 404 U.S. 443, 447 (1972).
- Pepper v. United States, 562 U.S. 476, 507 (2011).
- Molina-Martinez v. United States, 578 U.S. 189, 198 (2016).

Here, the Government's mischaracterization of lenders as victims, omission of repayments, and failure to account for stolen funds by Praise directly resulted in an inflated guideline range. The sentence imposed is therefore constitutionally defective.

### B. Fraud on the Court and Omission of Exculpatory Facts

Fraud on the court is intolerable. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944). The Government's suppression of Defendant's cooperation in Praise's conviction is a material omission, violating Brady v. Maryland, 373 U.S. 83, 87 (1963).

C. Right to an Evidentiary Hearing

Defendant requested evidentiary hearings in Dkts. 8 and 10. Denying that request perpetuated reliance on false information, depriving Defendant of a constitutionally fair process.

IV. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

1. Take judicial notice of the conviction and sentence of United States v. David Praise, C.D. Cal.;

2. Correct the record to reflect that Counts 1–9 involved usurious lenders, not victims;

3. Acknowledge omitted repayments exceeding $1.4 million, including the $413,000 Meth Wold repayment;

4. Recognize Defendant's cooperation in securing Praise's conviction;

5. Declare the sentence invalid because it was based on an incorrect guideline range and misinformation of constitutional magnitude;

6. Grant an evidentiary hearing as previously requested in Dkts. 8 and 10; and

7. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: August 20, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

    1. U.S. Attorney's Office

        35 S.E. 1st Avenue, Suite 300

        Ocala, FL 34471

Date: August 20, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

Robert R Wernicer
14 S. Bobwhite Rd
Wildwood FL 34785

POSTAGE PAID – TAX PERCUE
IMM 742.1/742.2   UPU RL 141(2.2)
STAMP/SEAL
FOREIGN OFFICE OF ORIGIN

SCREENED
By USMS

Middle District of Florida
Clerk of the Courts
207 NW 2nd Ave, Rm 337
Ocala, FL  34475