UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                        Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,
    Defendant.

DEFENDANT'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT, TO DECLARE WARRANT VOID, AND TO WITHDRAW PLEAS ON COUNTS 3–9 AND 12–18

COMES NOW the Defendant, Robert Henry Rivernider, Jr., pro se, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(b)(3), (4), and (6), to vacate the arrest warrant issued January 14, 2025, and to permit Defendant to withdraw his pleas of guilty to Counts 3–9 and 12–18 in Case No. 3:10-cr-222 (District of Connecticut), which were transferred to this case and form the basis of supervised release.

Defendant incorporates by reference his Petition for Declaratory Relief (Dkt. 26). The January 14, 2025 warrant was issued ex parte, without notice or an opportunity to be heard, based solely on a probation officer's affidavit, in violation of Fuentes v. Shevin, 407 U.S. 67 (1972) and Mathews v. Eldridge, 424 U.S. 319 (1976). The warrant is therefore void ab initio under Rule 60(b)(4).

I. FACTUAL BACKGROUND

1. Defendant pled guilty under coercive circumstances in Case No. 3:10-cr-222 to Counts

1

3–9 and 12–18. Defendant's co-defendant was permitted to withdraw pleas. Defendant now seeks the same treatment.

2. Defendant's pleas provided no benefit; conspiracy charges and restitution remain regardless of these counts.

3. On January 14, 2025, this Court issued an arrest warrant based solely on a probation officer's affidavit for alleged technical supervised release violations, without notice or hearing.

4. Defendant's arrest has caused irreparable reputational, political, and personal harm. Defendant is a recognized political leader in his community, openly supportive of President Donald J. Trump, and has long been a target of political retaliation.

5. During jury selection in a prior case, one juror admitted that learning Defendant was a 'Trump Republican' would change her ability to be impartial. This demonstrates the pervasive political bias Defendant faces.

6. Defendant previously exposed and opposed two establishment political leaders in his community by fielding candidates against them. Both leaders lost by a 70–30 margin, confirming Defendant's influence in shaping the political landscape of The Villages. In retaliation, Defendant became the subject of politically motivated prosecutions.

2

7. Defendant has spent the past five years integrating into the community, becoming a political leader, serving on boards of organizations, volunteering for charities, and building friendships, family connections, and relationships of trust.

8. Defendant is experiencing severe stress, anxiety, and depression, knowing he could face a 10½-year prison term for any minor allegation, given the stacking of '18 felony' counts from an indictment rather than distinct crimes. As a heart attack survivor, this fear poses a grave risk to Defendant's health.

9. If relief is denied, Defendant will be forced to relocate from Florida and leave his community, uprooting his life, reputation, and support network to avoid the danger of being imprisoned for life over technical violations or political retaliation.

II. ARGUMENT

A. Relief Under Rule 60(b)(3): Fraud and Misconduct

The January 14, 2025 warrant was procured ex parte, relying on one-sided assertions without adversarial testing. This constitutes misconduct and a fraud on the Court by depriving Defendant of constitutional safeguards. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

B. Relief Under Rule 60(b)(4): Void Judgment

A warrant issued without due process is void. United Student Aid Funds v. Espinosa, 559 U.S. 260, 271 (2010). By omitting notice and hearing, the January 14, 2025 warrant violated Fuentes (notice and hearing required absent extraordinary circumstances) and

3

Mathews (due process balancing test favors Defendant's liberty interest).

C. Relief Under Rule 60(b)(6): Extraordinary Circumstances

The Supreme Court authorizes relief under Rule 60(b)(6) when extraordinary circumstances demand it. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988). Extraordinary circumstances exist here:

- Defendant is a political leader targeted through lawfare, reputational destruction, and partisan bias.
- Jurors in a prior case admitted prejudice against 'Trump Republicans.'
- Defendant faces disproportionate punishment for nonviolent wire fraud arising from the 2008 mortgage collapse, where he was also a victim and cooperated in apprehending another fraudster.
- Defendant's community contributions — political leadership, charity, and service — are nullified by recurring politically driven prosecutions.
- Defendant's health and liberty are imperiled by the threat of 10½ years in prison for minor allegations.

D. No Prejudice to the Government

Permitting withdrawal of pleas on Counts 3–9 and 12–18 will not prejudice the Government. The conspiracy counts remain intact, restitution obligations remain enforceable, and Defendant seeks only the same relief afforded to his co-defendant.

III. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

1. Declare the January 14, 2025 warrant void ab initio;

4

2. Permit Defendant to withdraw his guilty pleas to Counts 3–9 and 12–18 in Case No. 3:10-cr-222 (District of Connecticut), as transferred to this case;

3. Accept Defendant's withdrawal of all pending motions in this case, contingent on relief granted; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: August 26, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

5

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471

Date: August 26, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission