UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                    Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,
    Defendant.

### DEFENDANT'S SUPPLEMENT TO PETITION FOR DECLARATORY RELIEF (DKT. 26) CHALLENGING THE CONSTITUTIONALITY OF SUPERVISED RELEASE WARRANT

COMES NOW the Defendant, Robert Henry Rivernider, Jr., pro se, and supplements his Petition for Declaratory Relief (Dkt. 26), to specifically challenge the constitutionality of the arrest warrant issued in this case for alleged technical violations of supervised release.

The warrant was issued ex parte, based solely on the affidavit of a probation officer, without Defendant receiving prior notice or an opportunity to be heard, and absent any extraordinary circumstances. Such practice is not authorized by the Constitution, Bill of Rights, or legitimate Congressional enactment consistent with due process. It constitutes an abuse of power and discretion and violates the Supreme Court's due process holdings.

I. FACTUAL BACKGROUND

1. On January 14, 2025, a supervised release violation petition was filed against Defendant.

2. The petition alleged technical violations, not new criminal conduct, and Defendant

1

posed no flight risk or danger to the community.

3. A warrant was issued ex parte, based solely on a probation officer's affidavit.

4. Defendant was arrested and deprived of liberty without notice or the opportunity to be heard beforehand.

II. ARGUMENT

A. Neither the Constitution nor Congress Authorizes Ex Parte Warrants for Technical Violations

The U.S. Constitution provides in the Fourth Amendment that warrants may issue only upon probable cause supported by oath or affirmation. Nothing in the Constitution, the Bill of Rights, or Congressional enactments authorizes the deprivation of liberty for civil or technical violations of supervised release based solely on a probation officer's affidavit, without notice and hearing. Congress, through 18 U.S.C. § 3606, permits such warrants, but statutes cannot override constitutional due process protections.

B. Supreme Court Precedent Prohibits Ex Parte Liberty Deprivations Absent Extraordinary Circumstances

1. Fuentes v. Shevin, 407 U.S. 67 (1972): The Supreme Court held that even in civil property disputes, the Due Process Clause requires notice and a hearing before seizure, except in rare, extraordinary situations. Here, no such extraordinary circumstances existed.

2. Mathews v. Eldridge, 424 U.S. 319 (1976): Established the three-part test for due process: (1) The private interest affected; (2) The risk of erroneous deprivation under current procedures, and the value of additional safeguards; and (3) The Government's

2

interest. Applied here, Defendant's liberty interest is at its highest; the risk of error is great when based solely on a probation officer's affidavit; and the Government had no urgent need. The balance weighs heavily in favor of notice and hearing.

3. Morrissey v. Brewer, 408 U.S. 471 (1972): In the parole context, the Court required a prompt preliminary hearing and a final revocation hearing, recognizing parolees retain significant liberty interests. Supervised release, the successor to parole, demands the same safeguards.

C. Abuse of Power and Discretion

To allow deprivation of liberty on a probation officer's affidavit, without notice and hearing, where no extraordinary circumstances exist, is an abuse of power and discretion. It treats supervised release not as a rehabilitative tool but as a mechanism of arbitrary re-incarceration, inconsistent with the Fifth Amendment's Due Process Clause.

III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Declare that the ex parte arrest warrant issued for Defendant's alleged supervised release violations is unconstitutional;

2. Declare that the warrant was void ab initio for lack of due process;

3. Vacate all proceedings flowing from the unlawful warrant; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: August 26, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471

Date: August 26, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

4