UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

      v.                           CASE NO. 5:24-cr-138-TPB-PRL

ROBERT RIVERNIDER

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE
APPEAL OF DETENTION ORDER (DOC. 53)**

The United States of America, by Gregory W. Kehoe, United States

Attorney for the Middle District of Florida, hereby responds in opposition to

the defendant's appeal of the Magistrate Judge's order of detention.   Doc. 53.

For the reasons set forth below, the United States respectfully requests that the

Court deny the defendant's appeal.

**I. PROCEDURAL HISTORY**

Defendant Robert Rivernider is charged with violating his federal

supervised release.   At his initial appearance on June 25, 2025, Rivernider

waived his right to a preliminary hearing but moved for pretrial release.   Doc.

17.   The United States moved for Rivernider's detention on the basis that he

was a substantial risk of non-appearance in future court appearances and

noted the presumption of detention in revocation proceedings.   *Id.*

Information was proffered to the Court by both the United States and the

Defendant.   *Id.*   The Court found that Rivernider had failed to overcome the presumption and entered an order detaining him, specifically noting that Rivernider had previously made clear to probation that he will not comply with the conditions of his supervised release.   Doc. 17, 19.

On August 15, 2025, Rivernider (now proceeding *pro se*) caused to be filed by the Clerk of Court an "Appeal To District Court: Denial of Release / Home Confinement". Doc. 53.   This document itself purports to have been finalized and sent by Rivernider on August 14, 2025.   *Id.* at 5.   Per local rule, the United States' response is due no later than August 29, 2025.   Doc. 77.

## II. MEMORANDUM OF LAW

In supervised release revocation proceedings, the Magistrate Judge may release or detain the person under the provisions of 18 U.S.C. § 3143(a)(1) pending the resolution of the petition for revocation.   Federal Rule of Criminal Procedure 32.1(a)(6).   However, the accused bears the burden of establishing by clear and convincing evidence that they will not flee or pose a danger to any other person or to the community.   *Id.*

A person ordered detained by a Magistrate Judge may file a motion for revocation or amendment with the court having jurisdiction over the underlying criminal offense.   18 U.S.C. 3145(b).   The District Court's review of a pretrial release or detention order is *de novo*.   *U.S v. Hurtado*, 779 F.2d

2

1467, 1481 (11th Cir. 1985).

Federal Rule of Criminal Procedure 59(a) provides that, as to non-dispositive matters such as detention, "a party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets."   The rule further provides that "failure to object in accordance with this rule waives a party's right to review."   *Id.*

## III. ARGUMENT

### A. Rivernider's Appeal is Untimely

Rivernider had 14 days to file an appeal or motion for reconsideration of the Magistrate Judge's detention order.   The 14 days began to run from the date that the oral order of detention was pronounced on June 25, 2025.   His appeal of the detention order was dated August 14, 2025, which is presumably the date that he either hand-delivered it to the clerk of court or placed it in the jail's mail system.   Rivernider waited 50 calendar days before filing an appeal of his detention order, which is more than three times the statutory maximum period permitted for the appeal.   Accordingly, his failure to timely object waived his right to review of the order.

**B. The Magistrate Judge's Order was Correctly Decided**

In support of his appeal of the detention order, Rivernider makes five separate arguments.   Doc. 53 at 2-4.   His first argument is that he needs to be released to make it easier for him to prove that his initial sentence (for which he is currently on supervised release) is invalid.   *Id.* at 2.   His second argument is just a repeat of the first, with Rivernider further asserting that supervised release after incarceration is unconstitutional.   *Id.*   His third argument is that arrest warrants issued *ex parte* (as his was) are unlawful.   *Id.* at 2-3.   His fourth argument is just a recitation of his political beliefs, which are irrelevant.   *Id.* at 3-4.   His fifth argument, and the only one which seems remotely relevant, is that he self-surrendered to his initial 144-month prison sentence in a timely manner.   *Id.* at 4.

These arguments are largely frivolous.   Rivernider's request for bond so that he can collaterally attack his original conviction and thus escape the consequences for his violations of his supervised release is not valid.   *See U.S. v. White*, 416 F.3d 1313 at 1316 (11th Cir. 2005) (holding that supervised release revocation proceedings are not the proper forum in which to attack the conviction giving rise to the revocation).   His arguments that his arrest warrant was invalid and that supervised release is unconstitutional have already been disposed of by this Court.   Doc. 57.

While Rivernider did self-surrender for his initial prison sentence, his conduct since he was released from prison has involved new felony convictions (including for the extremely serious offense of voter fraud) and years of open defiance of both the authority of U.S. District Courts and U.S. Probation.   Rivernider's self-surrender for his sentence many years ago is not enough to rebut the presumption of detention on its own.   When considered in conjunction with his extensive lawless actions while on supervised release, it is clearly of little value in predicting his future conduct.

Even notwithstanding the presumption of detention, the case for detention for Rivernider is overwhelming.   The nature and circumstances of his offense of conviction are sophisticated and wide-ranging fraud—Rivernider sustained no fewer than eighteen separate felony convictions for wire fraud and conspiracy to commit wire fraud, which involved Rivernider committing extensive mortgage fraud by falsely exaggerating the borrower's income[1] or falsifying their residency status and operating a large-scale Ponzi scheme entitled "No More Bills" or "NMB", ultimately defrauding more than 85

---

[1] Notably, on his unauthorized vehicle financing and purchase agreement from December 30, 2024, giving rise to the fourth violation in the superseding petition, Rivernider represented to the lender that he has a $14,000 monthly income as CEO of "Cut Above Adventures" and has held that position for 18 years, despite spending a significant portion of that period in federal prison.   It appears he is still engaging in this specific type of fraud while on supervised release.   "Cut Above Ventures" is also the name of the company involved in his original fraud conviction.   *See* Doc. 468 at 6 and 18 in 3:10-cr-222-RNC (D.Conn.).

victims for approximately $26.5 million.    *Id.*    Rivernider's offense level was increased specifically due to the offense involving sophisticated means and Rivernider's status as an organizer or leader of criminal activity who supervised the efforts of five or more accomplices.    *Id.* at 28.    He was granted substantial leniency at sentencing, receiving a 144-month sentence notwithstanding an advisory Guidelines range of 262-327 months.    *Id.* at 33.

The weight of the evidence against Rivernider for the violation is likewise strong.    He refused to make restitution payments while simultaneously purchasing two new vehicles without the authorization of his probation officer and while claiming to receive a gross income of $168,000 per year on auto loan documents.    He flatly refused to report to his probation officer or provide him with copies of his bank statements as directed.    He even admitted to the fourth violation during his closing arguments in his preliminary hearing on his superseding petition on August 26, 2025.    *See* Doc. 75.

The history and characteristics of Rivernider also weigh heavily against his release.    Rather than expressing gratitude for his good fortune and the lenity of the sentencing court in granting him a substantial downward variance at sentencing and subsequent compassionate release, Rivernider has instead used his time outside of custody to commit new fraudulent felonies and to

refuse to pay his restitution until the court system "explains itself" to him.
Doc. 6 at 6.   On December 5, 2023, Rivernider was found guilty in Sumter
County Circuit Court on felony charges of forgery, uttering a forged public
record, and voter fraud.   *Id.*   His brazen defiance of the authority of the U.S.
District Courts and willingness to commit felonies to undermine the integrity
of the United States' election system clearly demonstrate that he has no
interest in obeying any conditions of supervised release, no matter how
restrictive.

The nature and seriousness of the danger Rivernider poses to the
community also makes a compelling case for his detention.   Rivernider's
conviction of voter fraud, committed while on supervised release, show that
he has no issue harming the United States or the State of Florida in service of
getting what he wants.   Likewise, his claim of making a $14,000 a month in
income (contradicted by his financial affidavit in support of the appointment
of the Federal Defender to represent him) made on an unauthorized vehicle
purchase agreement which he concealed from his probation officer is a strong
indicator that he is actively engaging in the same form of fraud that got him
sentenced to federal prison in the first place.

Any of these factors, taken individually or together, would likely
establish that no combination of conditions would adequately assure

Rivernider's appearance at future hearings or adequately protect the community.   Although Rivernider was obliged to overcome the presumption of detention, all he could offer in rebuttal to both the presumption and the compelling case for his detention was his assertion that he would start following the Court's directives if released.   Considering his previous conduct on supervised release, his new felony offenses, and his original conviction, this assertion was clearly not credible.

## IV. CONCLUSION

Because the record strongly supports the Magistrate Judge's well-founded conclusion that the defendant poses a significant risk of flight, nonappearance, or obstruction of justice, the United States respectfully requests that the District Court adopt the findings of the Magistrate Judge and deny the defendant's appeal of his detention order.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:   (352) 547-3600
Facsimile:    (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov

**U.S. v. Robert Rivernider**          **Case No. 5:24-cr-138-TPB-PRL**

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

       Joshua Woodard, Esquire (standby counsel)

I hereby certify that on August 29, 2025, I sent a true and accurate copy of the foregoing within the U.S. Mail system to the following individual at the following address:

       Robert Rivernider
       Marion County Jail
       3290 NW 10th St.
       Ocala, FL 34475

                                   */s/ William S. Hamilton*
                                     William S. Hamilton
                                     Assistant United States Attorney
                                     Florida Bar No. 95045
                                     35 SE 1st Avenue, Suite 300
                                     Ocala, Florida 34471
                                     Telephone:   (352) 547-3600
                                     Facsimile:    (352) 547-3623
                                     E-mail: william.s.hamilton@usdoj.gov