UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 5:24-cr-138-TPB-PRL

ROBERT RIVERNIDER

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE "EMERGENCY PETITION FOR WRIT" (DOC. 54)

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby responds in opposition to the defendant's motion entitled "emergency petition for writ of habeas corpus and motion for expedited hearing on ongoing Constitutional violations". Doc. 54. For the reasons set forth below, the United States respectfully requests that the Court deny the defendant's motion.

As a basis for his motion, Rivernider alleges that the conditions of his detention at the Marion County Jail are causing "serious and life-threatening health consequences." He claims that he is being held without access to proper ventilation or "oxygen" and that his tap water is warm, unsanitary, and "potentially" bacteria laden. He claims that these alleged conditions violate the Eighth Amendment's prohibition against cruel and unusual punishment.

Firstly, Rivernider's petition should be denied because his allegations

are false. In response to these allegations, undersigned counsel requested that members of the U.S. Marshals Service make inquiries as to the conditions under which Rivernider is currently being held.

Marion County Jail personnel confirm that no inmates have been hospitalized due to water quality, despite Rivernider's allegations, and that the available water is neither "unsanitary" nor "bacteria-laden". Similarly, despite Rivernider's dubious claims that the other inmates' apparently excessive breathing is causing him to "experience symptoms of oxygen deprivation", Marion County Jail personnel have indicated that Rivernider has never complained of these symptoms to medical or correctional staff.

Rivernider claims he is being mistreated as a "heart attack survivor," but the Marion County Jail personnel have been attentive to both his general medical needs and his specific complaints relating to cardiology. Per Marion County Jail staff, on June 2, 2025, Rivernider complained of left arm pain (relating to a cast on his arm) and cold/flu symptoms and was examined and given medication for both complaints. On July 8, 2025, he received a comprehensive physical including a personal medical history from a registered nurse. On July 11, 2025, he submitted a "sick call" requesting that the cast on his arm be removed and requesting to see a cardiologist. On July 21, he was seen at the chronic care clinic for his cardiovascular and cast-related

complaints. Two days later, an in-house X-ray was conducted of his left wrist. On August 25, 2025, he was seen by an orthopedic surgeon, who concluded that his left wrist was healed. In short, jail staff have reported that Rivernider's health needs (both acute and chronic) are being monitored and managed.

Further, Rivernider's petition should be denied because his allegations, even if they were true, do not form an adequate basis for relief. To show a violation of the Eighth Amendment, a pretrial detainee must show both "conduct by public officials . . . denying the minimal civilized measure of life's necessities" and "a subjective intent by the public official involved to use the sufficient serious deprivation in order to punish." *Taylor v. Adams*, 221 F.3d 1254. Rivernider alleges neither in his petition. Even taking Rivernider's allegations at face value, his complaints amount to warm tap water, inconsistent air conditioning, and "constant exhalation of carbon dioxide" by other inmates. The first of these two complaints do not qualify as "minimal civilized measure[s] of life's necessities". His complaint about nearby inmates regularly breathing is simply an unavoidable fact of life when living around other people, either in custody or otherwise.

3

## CONCLUSION

Because Rivernider's allegations of inadequate medical care and inhumane conditions in his pretrial detention are not true, and because his complaints, even if they were true, do not violate the Eighth or Fourteenth Amendments to the Constitution, this Court should deny the defendant's petition.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:  (352) 547-3600
Facsimile:   (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov

U.S. v. Robert Rivernider        Case No. 5:24-cr-138-TPB-PRL

### CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Joshua Woodard, Esquire (standby counsel)

I hereby certify that on August 29, 2025, I sent a true and accurate copy of the foregoing within the U.S. Mail system to the following individual at the following address:

    Robert Rivernider
    Marion County Jail
    3290 NW 10th St.
    Ocala, FL 34475

    */s/ William S. Hamilton*
    William S. Hamilton
    Assistant United States Attorney
    Florida Bar No. 95045
    35 SE 1st Avenue, Suite 300
    Ocala, Florida 34471
    Telephone: (352) 547-3600
    Facsimile: (352) 547-3623
    E-mail: william.s.hamilton@usdoj.gov