


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,

v.                                             Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,
   Defendant.

## DEFENDANT'S MOTION TO DECLARE SUPERVISED RELEASE TERM EXPIRED AND DISMISS VIOLATION PETITION

COMES NOW the Defendant, Robert Henry Rivernider, Jr., pro se, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. §§ 3583 and 3624, the Fifth Amendment, and the Court's inherent supervisory powers, to declare the supervised release portion of his sentence expired and to dismiss the violation petition filed on January 14, 2025, for lack of jurisdiction.

## I. INTRODUCTION

In its Response at Docket 52, the Government asserted that incarceration and supervised release constitute 'one sentence.' Defendant previously challenged the constitutionality of supervised release in Docket 26 (Petition for Declaratory Relief). If supervised release is indeed part of one unified sentence, then good-time credits earned under 18 U.S.C. § 3624(b) must apply to the entire sentence, not solely the imprisonment portion.

## II. FACTUAL BACKGROUND

1. Defendant was sentenced to 144 months of imprisonment and 60 months of supervised release.

1

2. Defendant served 80 months in custody before being granted compassionate release on May 14, 2020. No good-time credits were applied to the time served.

3. Defendant began serving supervised release on May 14, 2020. The term would ordinarily expire on May 14, 2025.

4. Defendant committed a state violation and spent 128 days in state and county jail. Pursuant to 18 U.S.C. § 3624(e), this time is excluded from the supervised release calculation, extending the term to September 2025.

5. However, if good-time credits are applied to the supervised release portion—as the Government's 'one sentence' theory requires—the five-year term is reduced to approximately 51 months (85%). The adjusted expiration date would have been August 14, 2024. Adding 128 days of tolling moves the expiration to December 20, 2024.

6. The Government did not file its violation petition until January 14, 2025, nearly one month after Defendant's supervised release should have expired under this calculation.

III. ARGUMENT

A. Supervised Release Expired Before January 14, 2025

If incarceration and supervised release are one unified sentence, then good-time credits must apply to the whole sentence. Defendant's supervised release therefore expired by December 20, 2024, accounting for tolling. Once a term of supervised release expires, the

Court lacks jurisdiction to adjudicate violations. United States v. Johnson, 529 U.S. 53, 60 (2000).

B. Government's Inconsistent Position Violates Due Process

The Government cannot have it both ways: treating incarceration and supervised release as one sentence for revocation purposes, but separate sentences for purposes of applying good-time credits. Such inconsistency undermines due process and equal protection. Townsend v. Burke, 334 U.S. 736 (1948); Molina-Martinez v. United States, 578 U.S. 189 (2016).

C. Alternative Relief: Early Termination

Even if the Court declines to declare supervised release expired, it retains discretion under 18 U.S.C. § 3583(e)(1) to terminate supervision where the interests of justice so warrant. Defendant has already served the equivalent of the good-time adjusted term, making further supervision unnecessary and unjust.

IV. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

1. Declare that Defendant's supervised release expired on December 20, 2024;

2. Dismiss the violation petition filed on January 14, 2025, for lack of jurisdiction; or, alternatively,

3. Terminate supervised release immediately under 18 U.S.C. § 3583(e)(1).

Respectfully submitted,

Date: August 23, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471

Date: August 4, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission