UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                              Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,

Defendant.

DEFENDANT'S NOTICE OF FRAUD ON THE COURT, APPEAL OF DENIAL OF DOCKETS 32 AND 36, AND DEMAND FOR INVESTIGATION

(Filed Under Seal Until September 8, 2025)

INTRODUCTION

Comes now the Defendant, Robert Henry Rivernider, Jr., pro se, and respectfully files this Notice of Fraud on the Court and Appeal of the District Court's denial of Dockets 32 and 36 (denied in Dockets 34 and 39). Defendant moves this Court to order an immediate investigation into misconduct by United States Probation Officer Eric Padilla, whose sworn testimony and affidavit appear to constitute fraud on the court and perjury in violation of 18 U.S.C. §§ 241, 242, and to reconsider the denial of bond under 18 U.S.C. § 3142.

1

This motion is filed under seal until September 8, 2025, due to the sensitive nature of the allegations, which include possible criminal conduct by officers of the court.

STATEMENT OF FACTS

1. On August 26, 2025, at a hearing before Magistrate Judge Lammens, Defendant called Probation Officer Padilla to the stand regarding a letter allegedly left at Defendant's door (referenced in Dockets 6 at pp. 1-2, and 47). Padilla testified Defendant attached that letter in an email sent on November 4, 2024 from Defendant's iCloud account. Defendant had the email and attachments reviewed ("see Exhibit 1") which shows no such letter was included.

2. On January 14, 2025, this Court issued a warrant for Defendant's arrest based on Padilla's sworn affidavit (see Docket 52, p. 5) and the US probation division chief. Defendant was arrested solely on that affidavit.

3. Defendant requested all documents related to issuance of the warrant; Judge Lammens denied this request, thereby concealing material records.

4. On June 25, 2025, at Defendant's first appearance and bond hearing, Judge Lammens asked Padilla whether Defendant appeared voluntarily. Padilla falsely answered "no." No hearing was scheduled until after arrest. Defendant would have

2

voluntarily appeared, had he been notified. This omission of material fact constitutes fraud on the court and improperly influenced bond determination.

5. Defendant remains confined at Marion County Jail on technical allegations of supervised release violations. These conditions—never authorized by Congress—are unconstitutional restraints.

6. At the August 26, 2025 hearing, Defendant introduced Docket 37-2, p. 8, an email from attorney Frost with subject line: "SR transferred and terminated. Frost responded "Congratulations Bob, will you be going to the inauguration for your man on January 20th?" On cross-examination, Padilla absurdly claimed "congratulations" referred to the 2024 election of Donald Trump, not supervised release termination. Judge Lammens accepted this implausible explanation.

7. We have since contacted Mr. Frost through email and he confirmed that the November 4, 2024 email was referring to supervised release. Mr. Frost stated: "I was responding to the email and attachment, which Bob referred to as a termination and which appeared to suggest the SR may have been transferred from CT and then terminated in FL the same day." ("see Exhibit 2").

ARGUMENT

I. Fraud on the Court and Perjury by Officer Padilla

3

Fraud on the court occurs where "the impartial functions of the court have been directly corrupted" (see Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944)). Padilla's sworn statements and omissions regarding the November 4, 2024 email and voluntary appearance opportunity constitute material misrepresentations. His affidavit resulted in Defendant's arrest and detention, violating 18 U.S.C. §§ 241, 242.

II. Violation of Defendant's Rights under 18 U.S.C. § 3142 and Supreme Court Precedent

18 U.S.C. § 3142 mandates consideration of the least restrictive conditions to assure appearance and safety. Defendant is a non-violent offender, presents no flight risk, and had a support system in his community. Denial of bond without allowing Defendant to present witnesses or evidence violates due process (United States v. Salerno, 481 U.S. 739 (1987)).

III. Sixth Amendment Violations

By jailing Defendant and denying access to records, transcripts, and preparation, the Court denies his right to meaningful self-representation (Faretta v. California, 422 U.S. 806 (1975)) and effective assistance of counsel.

IV. Judicial Bias and Duty to Recuse

Canon 2 of the Code of Judicial Conduct requires judges to avoid impropriety and bias. Judge Lammens' repeated acceptance of implausible testimony, refusal to order bond hearings, and denial of material evidence requests show bias requiring recusal (Liteky v. United States, 510 U.S. 540, 555 (1994)).

RELIEF REQUESTED

Defendant respectfully requests that this Court:

1. Order an investigation into Probation Officer Padilla's affidavit, testimony, and the November 4, 2024 email to determine whether fraud and perjury occurred.

2. Review transcripts of the August 26, 2025 hearing, June 25, 2025 hearing, and Padilla's arrest warrant affidavit for false or misleading testimony.

3. Vacate the arrest warrant and all actions taken thereunder.

4. Grant Defendant immediate release on bond under 18 U.S.C. § 3142, with appropriate conditions.

5. Recuse Magistrate Judge Lammens and order a change of venue under 28 U.S.C. § 455.

6. Refer allegations herein to the Federal Bureau of Investigation for criminal inquiry.

7. Grant any further relief this Court deems just and proper.

CONCLUSION

The record shows clear fraud on the court, perjury by a court officer, and unconstitutional deprivation of liberty. Defendant respectfully demands immediate investigation, recusal, and bond reconsideration.

Respectfully submitted,

Date: September 2, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 3447

6

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. U.S. Attorney's Office
   35 S.E. 1st Avenue, Suite 300
   Ocala, FL 34471

2. U.S. Department of Justice
   Deputy Attorney General
   Attn: Todd Blanche
   950 Pennsylvania Ave, NW
   Washington, DC 20530

3. U.S. Department of Justice
   Office of the Pardon Attorney
   Attn: Edward R. Martin Jr.
   950 Pennsylvania Ave, NW
   Washington, DC 20530

4. Federal Bureau of Investigation Headquarters
   Attn: Director Kash Patel
   935 Pennsylvania Ave, NW
   Washington, DC 20535

5. Federal Bureau of Investigation
   480 S Keller Road
   Orlando, FL 32810

Date: September 2, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

# Exhibit "1"

8

**From:** Bob Rivernider bobriver@icloud.com
**Subject:** CEASE & DESIST NOTICE
**Date:** November 4, 2024 at 10:05 AM
**To:** Erik Padilla erik_padilla@flmp.uscourts.gov

Mr. Padilla

YOU ARE HEREBY ORDERED TO CEASE & DESIST ALL CONTACT BASED ON THE FOLLOWING:

1. THE CONTRACT WITH YOUR COMPANY IS RESCINDED AND REVOKED, SEE ATTACHED.
2. YOU ARE IN DEFAULT OF THE WRIT OF SCIRE FACIAS, DEFAULT ATTACHED.
3. MR. ROBERT N. CHATIGNY, WHOSE STAMP IS ON YOUR ORDER, IS ALSO IN DEFAULT, THEREFORE YOUR ORDERS ARE INVALID. The US Attorney's office in the Middle District of Florida and the JAG office of the US Navy has been notified by AO91 Criminal Complaint consistent with President Trump's Executive Order 13844.
4. As detailed in docket 838, attached, filed with the Court September 18, 2023, the entire case, including the restitution order, was based on FRAUD on the court, invalidating the entire case AB INITIO.
5. Also detailed in 838 the attempt to collection restitution which was based on usurious loans violates Connecticut State Law, the Attorney General of CT has been notified and a criminal complaint has been filed.
6. The Clerk of Courts in CT has been instructed to dismiss and settle the the case.
7. All signatures and contracts with CT have been revoked, see attached.
8. BASED ON THE SUPREME COURT'S REVERSAL OF THE CHEVRON DOCTRINE YOUR COMPANY DOES NOT APPEAR TO HAVE AUTHORIZATION TO EXIST.
9. As you are attempting to collect an alleged debt you may be in violation of Florida State Law and several section of the Fair Debt Collection Practices Act.
10. As you have defaulted on the Writ, any attempt to enter the Continental Country Club without authorization will result in a report filed with the Sumter County Sheriff's Office. The Sumter County Sheriff has been notified in advance.
11. A fee sheet is attached it is hereby in effect, effective immediately.

Govern Yourself accordingly.

Robert H. Rivernider, Agent
ROBERT HENRY RIVERNIDER JR TTEE



Padilla DEFAUL WRIT...T .pdf    Padilla rescind...SR.pdf    RNC DEFAUL WRIT...T .pdf    RR Fee Sheet.pdf    Sig Revoction sent to CT.pdf    838.pdf

9

# Exhibit "2"



**From:** Robert Frost rfrost@rfrostlaw.com
**Subject:** RE: SR transferred and terminated
**Date:** August 26, 2025 at 4:10 PM
**To:** Bob Rivernider bobriver@icloud.com

I was responding to the email and attachment, which Bob referred to as a termination and which appeared to suggest the SR may have been transferred from CT and then terminated in FL the same day. If Bob has counsel in FL, he should have the attorney call me.



Robert M. Frost, Jr.
Frost Law LLC
Criminal Defense | Business Litigation | Legal Ethics
350 Orange Street, Suite 100
New Haven, CT 06511
Tel: (203) 495-9790
Fax: (203) 495-9795
Cell: (203) 209-6503
Email: RFrost@RFrostLaw.com



For more information on Best Lawyers' selection process/methodology, click here.

**From:** Bob Rivernider <bobriver@icloud.com>
**Sent:** Tuesday, August 26, 2025 3:49 PM
**To:** Robert Frost <rfrost@rfrostlaw.com>
**Subject:** Re: SR transferred and terminated

Mr Frost
This is Bob's sister. He wanted me to ask you if in the above email response to his SR "terminated", you congratulated him, was it because SR was terminated or because Trump win the presidency?
Bob Rivernider
561-232-0436