# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

FILED - USDC - FLMD - OCA
SEP 18 2025 AM 11:18

v.

                                       Case No. 5:24-cr-138-TPB-PRL

ROBERT HENRY RIVERNIDER, JR.,

    Defendant.

## DEFENDANT'S RESPONSE TO DOCKET 93

Defendant, Robert Henry Rivernider, Jr., appearing pro se, respectfully submits this Response to the Court's Order at Dkt. 93 and states as follows:

1. Procedural Background. Defendant previously filed a Petition for Declaratory Relief (Dkt. 26), which was denied at Dkt. 57, and a Motion for Evidentiary Hearing to Reverse the Sentence (Dkt. 63), which was denied at Dkt. 81. Defendant also appeared at the August 26, 2025 hearing, where the Court addressed the supervised release violation issues.

2. Waiver of Further Hearings. In view of the foregoing denials and proceedings, Defendant hereby waives further hearings on this matter in favor of an expedited resolution. Defendant acknowledges the Court has determined technical violations of supervised release occurred, and therefore requests that the Court impose its sentence without further delay.

1

3. Offer to Resolve All Litigation. Defendant has previously offered, and repeats here, that if the Court were to accept withdrawal of the pleas on Counts 3 through 9 and 12 through 18 and terminate supervised release, such a resolution would not prejudice the Government in any way and would end all future litigation. Defendant urges the Court to consider this proposal as part of its sentencing. Denial of this offer places Defendant's life, health, safety, and liberty at grave risk, requiring relocation.

4. Life, Health, Safety, and Liberty Concerns. Continued labeling as a felon and remaining on supervised release expose Defendant to grave risks to his life, health, safety, and liberty. Publicity surrounding this case and past prosecutions have already made Defendant a target of political hostility. As seen in recent national events, including the assassination of Charlie Kirk, all it takes to silence a public figure like Defendant, who is a conservative voice, is a single bullet. Here, all it will take is another complaint to imprison and silence Defendant for ten and a half years.

The national publicity of the political hit job in the state case, still on appeal, combined with the public arrest and the Government's over-the-top rhetoric in Dkt. 78, puts Defendant in grave danger, as he is now deemed a danger to the community.

If Defendant remains subject to supervised release and 18 felony convictions, his life and liberty will remain in jeopardy, along with risks to the health and safety of his family, friends, and community.

5. Medical History and Current Danger. Defendant suffered a heart attack while appearing pro se in a Connecticut court hearing, which required triple bypass heart surgery in 2018. Despite this serious medical history, Defendant is now housed in general population with over 80 inmates in confined quarters. Approximately half of this population is sick, sneezing and coughing, placing

2

Defendant in imminent danger of serious illness or death. Defendant has already fallen ill twice in just 2.5 months of confinement.

6. Conditions Compared to Federal Custody. Marion County Jail conditions are far worse than the Federal Prison Camp, which was partially damaged by a hurricane, that the Defendant was released from due to the coronavirus that killed Defendant's father and millions of others. The jail's overcrowding and exposure to contagious illness, combined with Defendant's prior heart surgery, make continued detention here extraordinarily dangerous.

7. Final Resolution of Matters. Defendant affirms that all pending appeals have been withdrawn. Defendant will not file any further motions or appeals. With this Response, all matters appear to be resolved, and Defendant urges the Court to bring this case to a conclusion without further delay.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Accept Defendant's waiver of further hearings;

2. Impose its sentence without further delay; and

3. In the alternative, accept Defendant's proposal to withdraw pleas on Counts 3–9 and 12–18 and terminate supervised release, which would end all future litigation without prejudicing the Government.

3

Respectfully submitted,

Date: September 15, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 34471

CERTIFICATE OF SERVICE

I, Robert H. Rivernider, hereby certify that a copy of this filing has been sent to the following:

1. US Attorney's Office
   35 SE 1st Avenue, Suite 300
   Ocala, FL 34471

Date: September 15, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission

4

ORLANDO FL 328

16 SEP 2025 PM 2

SCREENED
BY USMS

Clerk of the Courts
US District Ct
Middle District of FL - Ocala
207 NW 2nd Street
Ocala FL 34475

34475-660399

Robert Rweewider
14 S. Bobwhite Rd
Wildwood FL 34785