**Re: Emergency Petition for Writ of Mandamus – Pro Se Filing**

Dear Clerk of Court:

Enclosed please find an **Emergency Petition for Writ of Mandamus**, with exhibits and certificate of service, submitted by a **pro se incarcerated petitioner**. This petition seeks extraordinary relief due to the absence of an adequate alternative remedy, lack of notice caused by misdirected court correspondence while in custody, and ongoing custodial interference with the ability to prosecute appellate rights. The petition is designated as **emergency** and is respectfully submitted for filing and appropriate routing.



# UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

**In re:**
**Robert Rivernider,**
Petitioner.



---

# PETITION FOR WRIT OF MANDAMUS

*(28 U.S.C. § 1651(a))*

Petitioner, Robert Rivernider, respectfully petitions this Court for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), directing the United States District Court for the Middle District of Florida to immediately produce, docket, and release materials that are being unlawfully withheld and that are indispensable to jurisdictional review, collateral relief, and to remedy Petitioner's ongoing unlawful restraint.

---

## I. JURISDICTION

This Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), to issue writs necessary or appropriate in aid of its jurisdiction and in the exercise of its supervisory authority over the district courts within this Circuit.

Mandamus relief is appropriate where:
(1) the petitioner has no other adequate means to obtain relief;
(2) the petitioner's right to relief is clear and indisputable; and
(3) issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).

Petitioner's prior appeal was dismissed on procedural grounds while the District Court continued to withhold the very record necessary to permit meaningful review. The dismissal leaves Petitioner without any adequate alternative remedy and renders mandamus the only available mechanism to prevent the District Court's conduct from insulating itself from judicial scrutiny.

---

## II. RELIEF REQUESTED

1

Petitioner respectfully requests that this Court issue a writ of mandamus ordering the United States District Court for the Middle District of Florida to immediately:

1. **Produce and docket** all un redacted audio recordings and transcripts of hearings conducted in *United States v. Rivernider*, SR Case No. **5:24-cr-138-TPB-PRL**;
2. **Produce, docket, and release** the document commonly referred to as the **"Gladson letter,"** referenced by the government and probation officer;
3. **Produce, docket, and release** all missing docket entries, including but not limited to Docket Nos. **2–7, 24, 41, 45, 46, 47, 76, 106, 112, 113, and 125**;
4. **Ensure Petitioner is provided meaningful access** to these materials for purposes of jurisdictional review, collateral relief, habeas proceedings, and to remedy ongoing unlawful custody.

# III. STATEMENT OF FACTS

1. Petitioner is currently incarcerated following revocation of supervised release and sentencing in *United States v. Rivernider*, Case No. **5:24-cr-138-TPB-PRL**, in the Middle District of Florida.
2. Petitioner has repeatedly sought access to the complete record, including hearing recordings, transcripts, and docketed filings, all of which are essential to challenging the revocation, sentence, and the District Court's jurisdiction.
3. Despite repeated requests, the District Court has failed and refused to provide:
   o Recordings and/or transcripts of critical hearings;
   o The Gladson letter;
   o Numerous docket entries missing entirely from the public docket.
4. Petitioner attempted to pursue appellate review, but the appeal was dismissed while these materials remained unavailable. The lack of record access deprived Petitioner of the ability to prosecute that appeal and now forecloses ordinary review.
5. Petitioner remains incarcerated, has been transferred between custodial facilities, lacks access to PACER or federal legal resources, and has been denied access to his legal property.
6. At all times relevant to the Court's January 2026 correspondence, Petitioner was housed at **Orange County Jail**, not Marion County Jail. Petitioner did not receive the Court's January 8, 2026 letter, which was mailed to Marion County Jail and ultimately returned to the Court, through no fault of Petitioner.
7. The foregoing facts are based on Petitioner's personal knowledge and are true and correct under penalty of perjury.

# IV. GROUNDS FOR MANDAMUS RELIEF

A. The Withheld Materials Are Critical to Jurisdictional Review and Access to the Courts

The requested materials are indispensable to establishing, among other things, that:

1. Probation Officer Padilla provided false testimony and false information, including statements concerning the alleged principal violation and a letter he claimed to have left at Petitioner's residence;
2. The government failed to disclose exculpatory and impeachment evidence, constituting violations of *Brady v. Maryland*;
3. The sentencing court relied on materially false or misleading information in revoking supervised release and imposing sentence, in violation of due process;
4. Petitioner expressly raised jurisdictional challenges—including that supervised release had expired and that the court lacked authority to revoke or extend it—which the District Court failed to adjudicate;
5. **Petitioner has been effectively denied recognition as a pro se litigant within the Orange County Jail system because he cannot produce proof of pro se status—proof that is unavailable solely because he was transferred from Marion County Jail without his legal papers, court orders, or docket materials.**

Without access to the court record, Petitioner cannot establish his pro se status, cannot obtain meaningful access to legal resources, and cannot prepare or file motions, creating a complete denial of access to the courts attributable directly to the District Court's withholding of the record.

B. No Adequate Alternative Remedy Exists

Petitioner has no other adequate means to obtain relief:

- His direct appeal has been dismissed;
- He remains incarcerated in county jail without BOP designation;
- He lacks PACER access and federal legal materials;
- Jail officials refuse to recognize him as pro se absent documentation he cannot obtain;
- The District Court has failed to act despite notice and repeated requests.

Absent mandamus, the District Court's conduct effectively insulates jurisdictional and constitutional errors from any form of judicial review.

C. The District Court's Conduct Obstructs Supervisory Review

By withholding the record while Petitioner remains in custody, the District Court has obstructed this Court's ability to exercise supervisory oversight and has prevented review of serious jurisdictional defects and due process violations.

Mandamus is appropriate where a lower court's conduct threatens to defeat appellate or supervisory jurisdiction.

3

D. Irreparable Harm, Prolonged County Detention, and Urgency

Petitioner is currently in **month eight** of confinement in **county jails**, awaiting designation to a Bureau of Prisons facility.

The District Court imposed a sentence of **36 months' imprisonment** following revocation. Despite this, Petitioner remains warehoused in local custody without designation, without federal resources, and without access to his court record.

Each additional day of delay compounds irreparable harm by:

- prolonging unlawful or unreviewable custody,
- impairing access to counsel and legal materials,
- and risking mootness of judicial review due to delay.

Delay caused by the District Court's refusal to produce the record is neither incidental nor harmless—it is outcome-determinative.

# V. THE RIGHT TO RELIEF IS CLEAR AND INDISPUTABLE

A criminal defendant has a clear and indisputable right to:

- Access the complete record necessary for judicial review;
- Disclosure of Brady material;
- Sentencing based on accurate information;
- Adjudication of jurisdictional challenges;
- Recognition of pro se status and access to the courts.

The District Court's continued refusal to produce and docket the requested materials violates these rights and exceeds the bounds of lawful judicial authority.

# VI. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant the petition for writ of mandamus and order the United States District Court for the Middle District of Florida to immediately produce, docket, and release all requested hearings, documents, and missing docket entries in Case No. **5:24-cr-138-TPB-PRL**.

Petitioner further requests any other relief this Court deems just and proper.

4

Executed this 4th day of February, 2026.

Respectfully submitted,
Robert Henry Rivernider, Jr

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Defendant–Appellant, Pro Se

With Permission

Jail ID No. 25041136

Orange County Corrections Dept.

3855 So John Young Pwky, Orlando, FL 32839

---

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2026, I caused a true and correct copy of the foregoing **Petition for Writ of Mandamus** to be served by first-class U.S. mail, postage prepaid, upon:

**United States Attorney**
Middle District of Florida
35 SE 1st Avenue, Suite 300

Ocala, FL 34471

and

**Sean Siekkinen, Esq.**
Assistant United States Attorney
Middle District of Florida
35 SE 1st Street

Ocala, FL 34471

I declare under penalty of perjury that the foregoing is true and correct.

---

Respectfully submitted,
*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Defendant–Appellant, Pro Se

With Permission

Jail ID No. 25041136

Orange County Corrections Dept.

3855 So John Young Pwky, Orlando, FL 32839

Returned Eleventh Circuit correspondence and envelope

UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT
OFFICE OF THE CLERK
56 FORSYTH STREET, NW
ATLANTA, GEORGIA 30303

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

ATLANTA GA RPDC 303

- LEGAL MAIL - JAN 9 2026 - RELEASED
Only Open in the Presence of the Inmate

RELEASED
CLEARED SECURITY

JAN 22 2026

RETURN TO SENDER

U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

US POSTAGE
ZIP 30303  $ 000.74

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

25-14369



Robert Riverrider
#0278231
Marion County Jail – Inmate Legal Mail
3290 NW 10TH ST
OCALA, FL 34475

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 08, 2026

Robert Rivernider
Marion County Jail – Inmate Legal Mail
3290 NW 10TH ST
OCALA, FL 34475

Appeal Number: 25-14369-J
Case Style: USA v. Robert Rivernider
District Court Docket No: 5:24-cr-00138-TPB-PRL-1

## DISMISSAL NOTICE

Pursuant to 11th Cir. R. 42-1(b), this appeal will be dismissed without further notice upon
the expiration of 14 days from the date of this notice unless:

The appellant files in the District Court a completed Transcript Order Form OR a certificate
stating no transcript will be ordered. See FRAP 10(b)(1) & the accompanying 11th Cir. IOP.

Note to Counsel: 11th Cir. R. 42-1(b) provides that "If an appellant is represented by appointed
counsel, the clerk may refer the matter to the court for possible disciplinary action against
counsel in lieu of dismissal." Eleventh Circuit IOP 1 to FRAP 26 provides that "Failure to
timely file required documents . . . may result in possible disciplinary action against counsel as
described in Addendum Eight."

Clerk's Office Phone Numbers
General Information:  404-335-6100
Case Administration:  404-335-6135
CM/ECF Help Desk:  404-335-6125

Attorney Admissions:  404-335-6122
Capital Cases:  404-335-6200
Cases Set for Oral Argument:  404-335-6141

Enclosure(s)

DIS-1 Deficiency

# ELEVENTH CIRCUIT TRANSCRIPT ORDER FORM
## *Provide all required information and check the appropriate box(es)*

## PART I.                    Transcript Information

*Within 14 days of the filing of the notice of appeal, the appellant must complete Part I and file this form in two places: the District Court AND the Court of Appeals for all cases. 11th Cir. R. 10-1.*

**Case Information:**

Short Case Style:_____ vs _____

District Court No.:_____    Date Notice of Appeal Filed:_____

Court of Appeals No. (if available): _____

**Transcript Order Information:**

☐ No hearing ☐ No transcript is required for appeal purposes ☐ All necessary transcript(s) already on file

☐ I am ordering a transcript of the following proceedings:

|  | HEARING DATE(S)    JUDGE/MAGISTRATE    COURT REPORTER NAME(S) |
|---|---|
| ☐ Pre-Trial Proceedings | |
| ☐ Trial | |
| ☐ Sentence | |
| ☐ Plea | |
| ☐ Other | |

**Criminal Appeals:**

In a criminal appeal, if the appellant pleaded guilty and intends to raise an issue regarding the guilty plea, the record must include a transcript of the guilty plea colloquy, and if the appellant intends to raise an issue regarding the sentence, the record must include a transcript of the sentencing hearing. *If such transcripts are not ordered, you must check the appropriate box(es) below:*

Transcript of Guilty Plea Colloquy

☐ A transcript of the guilty plea colloquy is already on file.

☐ A transcript of a guilty plea colloquy is not being ordered and is not already on file, and I certify that no issue regarding a guilty plea will be raised in a merits brief in this appeal.

Transcript of Sentencing Hearing

☐ A transcript of the sentencing hearing is already on file.

☐ A transcript of the sentencing hearing is not being ordered and is not already on file, and I certify that no issue regarding sentencing will be raised in a merits brief in this appeal.

**Note:** Counsel who seek leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), must ensure the record contains transcripts of all relevant proceedings. *See* 11th Cir. R. 27-1(a)(8).

Financial Arrangements.

☐ I certify that I have made satisfactory arrangements with the Court Reporter(s) for paying the cost of the transcript(s).

☐ Criminal Justice Act: My completed AUTH-24 for government payment of transcripts has been uploaded in eVoucher and is ready for submission to the magistrate judge or district judge [if appointed by the district court] or to the circuit judge [if ordered by or appointed by the circuit court]. [A transcript of the following proceedings will be provided *only if specifically authorized* in item 13 on the AUTH-24: Voir Dire; Opening and Closing Statements of Prosecution and Defense; Prosecution Rebuttal; Jury Instructions.]

Ordering Counsel Party: _____

Address: _____

E-mail: _____    Phone No.: _____

☐ I certify that I have completed and filed Part I with the District Court AND the Court of Appeals, served all parties, AND sent a copy to the appropriate Court Reporter(s) if ordering a transcript. 11th Cir. R. 10-1.

Date: _____    Signature: _____    Attorney for: _____

## PART II.                        Court Reporter Acknowledgement

*Within 14 days of receipt, the Court Reporter must complete this section, file this form with the District Court, AND send a copy of this form to the Court of Appeals and all parties. The transcript must be filed within 30 days of the date satisfactory arrangements for paying the cost of the transcript were made unless the Court Reporter obtains an extension of time to file the transcript.*

Date Transcript Order received: _____

☐ Satisfactory arrangements for paying the cost of the transcript were made on: _____

☐ Satisfactory arrangements for paying the cost of the transcript have not been made.

No. of hearing days: _____

Estimated no. of transcript pages: _____

Estimated filing date: _____

☐ I certify that I have completed and filed Part II with the District Court AND sent a copy of this form to the Court of Appeals and all parties.

Date: _____    Signature: _____    Phone No.: _____

## PART III.                  Notification That Transcript Has Been Filed In District Court

*On the date the transcript is filed in the district court, the Court Reporter must complete this section, file this form with the District Court, AND send a copy of this form to the Court of Appeals.*

☐ I certify that the transcript has been completed and filed with the district court on (date): _____ AND that I have sent a copy of this form to the Court of Appeals.

Date: _____    Signature: _____

Rev. 11/22

Notice of Appeal dated December 12, 2025

Case 5:24-cr-00138-TPB-PRL    Document 133    Filed 02/19/26    Page 16 of 22 PageID
Case 5:24-cr-00138-TPB-PRL    Document 130    Filed 12/15/25    Page 16 of 22 PageID
USCA11 Case: 26-10449    Document: 1804 Date Filed: 02/09/2026    Page: 16 of 949

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA
Date:

UNITED STATES

V

Robert Riverider

CASE # 5:24-cr-138-TPB-PRL

## NOTICE OF APPEAL

Comes Now, Riverider, hereby notifies This Court

Riverider is Appealing The district court ruling.

_Robert Riverider_
Robert Riverider
Pro Se

## Certificate of Service

Riverider hereby Notifies The Court That The Government was handed Notification of Appeal on December 12, 2025.

_Robert Riverider_
Robert Riverider

Order dismissing appeal in Case No. 25-14369-J)

.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 29, 2026

Clerk - Middle District of Florida
U.S. District Court
207 NW 2ND ST
OCALA, FL 34475

Appeal Number:  25-14369-J
Case Style:  USA v. Robert Rivernider
District Court Docket No:  5:24-cr-00138-TPB-PRL-1

The enclosed copy of the Clerk's Order of Dismissal for failure to prosecute in the above
referenced appeal is issued as the mandate of this court. See 11th Cir. R. 41-4.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-2 Letter and Entry of Dismissal

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 25-14369-J

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT RIVERNIDER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

ORDER: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of
prosecution because the appellant Robert Rivernider failed to file a Transcript Order Form in
the district court within the time fixed by the rules.

Effective January 29, 2026.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

FOR THE COURT - BY DIRECTION



**PRESS FIRMLY TO SEAL**

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**PRIORITY** ®
**MAIL**

...mestic use.

...surance (restrictions apply).*

...mestic and many international destination...

...eclaration form is required.

...regarding claims exclusions see the

...m for availability and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

...OPE

...O



...ctober 2023

...2 x 9 1/2



**UNITED STATES POSTAL SERVICE** ®        **Click-N-Ship** ®

usps.com
$10.30
US POSTAGE

9405 5301 0935 5281 1379 97 0103 0001 0003 0303

U.S. POSTAGE PAID

02/04/2026
1 lb 0 oz        Mailed from 34785    070125611224149

**PRIORITY MAIL** ®

ROBERT RIVERNIDER
14 S BOBWHITE RD C
WILDWOOD FL 34785-8011

Created 2026-02-04
Flat Rate Envelope

RDC 03

C007

US COURT OF APPEALS FOR THE 11TH CIRC
CLERK OF THE COURT
56 FORSYTH ST NW
ATLANTA GA 30303-2218

**USPS TRACKING #**

9405 5301 0935 5281 1379 97

PRO SE EMERGENCY FILING
CASE 25-14369-J

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 10, 2026

Robert Rivernider
Orange County Corrections - Inmate Legal Mail
PO BOX 4970
ORLANDO, FL 42802-4970

Appeal Number:  26-10449-F
Case Style:  In re: Robert Rivernider
District Court Docket No:  5:24-cr-00138-TPB-PRL-1

## PETITION FOR WRIT DOCKETING NOTICE

Your petition for a writ of mandamus, a writ of prohibition, or an extraordinary writ has been
filed.

Please use the appeal number for all filings in this Court.

Docketing Fee
The docketing fee has not yet been paid to the clerk of this court. Pursuant to 11th Cir. R. 42-
1(b), this petition will be dismissed without further notice unless, within 14 days after the date
of this letter, you (i) pay the docketing fee to the clerk of this court **or** (ii) file in this court a
Motion for Permission to Appeal In Forma Pauperis with Affidavit, which is available on the
Court's website.

Dismissal Notice for Failure to File a CIP
**The petition filed by you failed to include a CIP.** The petitioner must file a CIP at the same
time it files the petition. 11th Cir. R. 26.1-1(a)(3).

Pursuant to 11th Cir. R. 42-1(b), **this appeal will be dismissed without further notice upon
the expiration of 14 days from the date of this notice** unless the petitioner files a Certificate
of Interested Persons (CIP) on the Court's docket. See 11th Cir. R. 26.1-1(a)(3).

Web-Based CIP
Only parties represented by counsel must complete the web-based Certificate of Interested
Persons and Corporate Disclosure Statement (CIP). Counsel **must** complete the web-based CIP,

through the Web-Based CIP link on the Court's website, on the same day the CIP is first filed.
See 11th Cir. R. 26.1-1(b).

Obligation to Notify Court of Change of Addresses
Each pro se party and attorney has a continuing obligation to notify this Court of any changes to
the party's or attorney's addresses during the pendency of the case. See 11th Cir. R. 25-7.

Clerk's Office Phone Numbers
General Information:    404-335-6100    Attorney Admissions:        404-335-6122
Case Administration:    404-335-6135    Capital Cases:              404-335-6200
CM/ECF Help Desk:       404-335-6125    Cases Set for Oral Argument: 404-335-6141



                                        PRO-2B Mandamus deficiency letter